# In The United States Federal Court Of Kansas

**FILED**
U.S. District Court
District of Kansas

OCT 1 2 2021

Clerk, U.S. District Court
By _____ Deputy Clerk

|  |  |  |
|---|---|---|
| Shirley Dione Webster | ) | Case No.  **6:21-cv-01246-EFM-KGG** |
| Dwayne Marvin Garrett | ) | |
| Paul Leroy Wickham | ) | |
|  | ) | |
| Plaintiff | ) | |
|  | ) | |
| Dick Durbin ET:AL | ) | |
| John Roberts ET:AL | ) | |
| Gwynne E. Birzer | ) | |
| Angel D. Mitchell | ) | |
|  | ) | |
| Defendants | ) | |
|  | ) | |
|  | ) | |

Cause of claim. 18 USC 1960-1964, Under  the Informant Act 18 USC 1512.

1.  Dick Durbin working in concert with John Roberts and Gwynne Brizer and Angel Mitchell has committed sexual battery of the 1st Amendment and 14th Amendment of the United States Constitution and has caused crimes to commit bodily harm, working as officers of the court. They have committed criminal accessory, aiding and abetting under 18 USC Sec 2, by seizing property and welfare of bank fraud and first degree murder.

2.  Under the 14th Amendment of the United States Constitution nor shall any state deprive any person of Life, Liberty, or Property, without due Process of Law, nor deny to any person within its  jurisdiction, the equal protection of the laws. Dick Durbin, John Roberts, Gwynne Brizer and Angel Mitchell, without due process of A hearing or testimony of any court.

3.  In the criminal case CIV-21-119-(SLP), The individuals that are involved in this action were served on or about April 27th 2021 under statue 28 USC 292-B, they are involved as a part of 1st degree murder by the  14th Amendment. They deprived Shirley Dione Webster of her property and making her life inhabitable. She could not function at 84 years old under the circumstances that they have created.

4.  Dick Durbin  and the committee was served on or about September 24th 2021, which makes them officers of the court guilty of the  14th Amendment, and the 1st Amendment of The constitution , which is an impeachable offense and accessory to 1st degree murder.

5.      The United States Supreme Court and John Roberts ET;AL was served on or about April 7th 2021, and is in violation of the 14th Amendment. Being an officer of the court, they have a duty to the 1st and 14th Amendments of the United States Constitution, No hearing under the color of law as due process, which caused under statue 18 USC 2332, is in violation to death or life of Conspiracy of Shirley Dione Webster.

---

                    WE WOULD LIKE JUSTICE .


Date _____

_____
Shirley Dione Webster
Attorney In Fact
PO Box 217 HC 61
Lenapah Ok. 74042


Date _____

_____
Dwayne Marvin Garrett
 PO Box 554
 Coffeyville KS. 67337
9184403747


Date 10/12/2021

_____
Paul Leroy Wickham
Rt. 1 Box 171
Nowata Ok 74048
918-440-3241

| City | State | Zip Code |
| --- | --- | --- |

918-440-3241

Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates { ☒ Wichita, ☐ Kansas City , or ☐ Topeka} , Kansas as the
(Select One)

location for the trial in this matter.

Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury { ☒ Yes or ☐ No } 
(Select One)

Signature of Plaintiff

PO Box 554
Coffeyville, KS 67337

Dated: 10/12/2021
(Rev. 10/15)

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) SHIRLEY DIONE WEBSTER**<br>**(2) DWAYNE MARVIN GARRET** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cv-00595-GKF-FHM** |
| | ) | |
| **(1) UNITED STATES OF AMERICA,** | ) | **Removed from Tulsa County District** |
| **(2) WILLIAM BARR,** | ) | **Court Case No. CJ-2019-4167** |
| **(3) JIM FELTE,** | ) | |
| **(4) BARBARA LYNN,** | ) | |
| **(5) IRMA CARRILLO RAMIREZ,** | ) | |
| **(6) RICK ESSER,** | ) | |
| **(7) WASHINGTON COUNTY,** | ) | |
| **(8) JIM WALTON,** | ) | |
| **(9) SONYA WEBSTER,** | ) | |
| **(10) MICHAEL GANN,** | ) | |
| **(11) JAMES VACLAW,** | ) | |
| **(12) BRIAN GORDON,** | ) | |
| **(13) CARLOTTA GORDON ALIAS LOWE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

The United States of America, William Barr, Barbara Lynn, Jim Felte, Irma Carillo

Ramirez, and Michael Gann[1] (collectively "Defendants"), by and through R. Trent Shores, United

States Attorney for the Northern District of Oklahoma, and Rachael F. Zintgraff, Assistant United

States Attorney, for their Notice of removal pursuant to 28 U.S.C. § 1442, hereby state as follow:

1.      On October 23, 2019, Shirley Dione Webster and Dwayne Marvin Garret ("Plaintiffs")

filed a Petition against Defendants, as well as "Rick Esser, Washington County, Jim Walton, Sonya

Webster, James Vaclaw, Brian Gordon, and Carlotta Gordan alias Lowe" in Tulsa County District

Court Case No. CJ-2019-4167.   (Docket Sheet in Tulsa County District Court Case No. CJ-2019-

---

1   Although the name of Defendant Gann is misspelled, for ease of reference, the spelling used
by Plaintiffs will be used in this Notice.

4167, attached as Exhibit 1; Petition filed in Tulsa County District Court Case No. CJ-2019-4167, attached as Exhibit 2).

2.      Plaintiffs' Petition alleges bank fraud and criminal accessory under 18 U.S.C. §1344, and cites other federal criminal statutes, including 18 U.S.C. § 1961-1968. (Ex. 2). Plaintiffs further allege Defendants worked in concert to obstruct justice and violate Articles 1 and 7 of the U.S. Constitution. *Id.* at 2-3. Plaintiffs request that "justice under the color of law be served under the recommendation under the Motion to Compel in Case # 3:19-CV-1310M, along with the existing bank fraud that we are filing in which we are asking 42 million dollars in damages under the Criminal Reform Act." *Id.* at 4.

3.      The Petition appears to name the individual Defendants in their official capacities as federal officials or officers of the federal court.

4.      The United States is entitled to remove the Tulsa County District Court Case No. CJ-2019-4167 pursuant to 28 U.S.C. § 1442, which provides, in pertinent part:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>                                     ***
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties[.]

*Id.* § 1442(a)(1), (3).

5.      Defendants in this case include the United States, officers of the United States, and officers

of the courts of the United States such that removal to this Court is proper under 28 U.S.C. § 1442.

WHEREFORE, the United States of America, William Barr, Jim Felte, Barbara Lynn, Irma Carrillo Ramirez, and Michael Gann hereby give notice of removal of Tulsa County District Court Case No. Case No. CJ-2019-4167 to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

UNITED STATES OF AMERICA

R. TRENT SHORES
United States Attorney

s/Rachael F. Zintgraff
RACHAEL F. ZINTGRAFF, OBA No. 31597
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
T: 918-382-2719
F: 918-560-7948
Rachael.Zintgraff@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2019, via U.S. Mail and electronic mail, I transmitted the forgoing to the following:

Shirley Dione Webster
P.O. Box 217 HC 61
Lenapah, Oklahoma 74042

Dwayne Marvin Garrett
395241 West 3000 Road
Ochelata, Oklahoma 74051
*Plaintiffs*

Don Newberry
500 S. Denver Ave.
Tulsa, Oklahoma 74103
*Tulsa County Court Clerk*

s/Michelle Hammock
Michelle Hammock
Paralegal Specialist



OKLAHOMA
State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of
this information. Verify all information with the official record keeper. The information contained in this report
is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is
governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA

SHIRLEY DIONE WEBSTER,
     Plaintiff, and
DWAYNE MARVIN GARRETT,
     Plaintiff,
v.
UNITED STATES OF AMERICA,
     Defendant, and
WILLIAM BARR,
     Defendant, and
JIM FELTE,
     Defendant, and
BARBARA LYNN,
     Defendant, and
IRMA CARRILLO RAMIREZ,
     Defendant, and
RICK ESSER,
     Defendant, and
WASHINGTON COUNTY,
     Defendant, and
JIM WALTON,
     Defendant, and
SONYA WEBSTER,
     Defendant, and
MICHAEL GANN,
     Defendant, and
JAMES VACLAW,
     Defendant, and
BRIAN GORDON,
     Defendant, and
CARLOTTA GORDAN, ALIAS,
LOWE
     Defendant.

**No. CJ-2019-4167**
**(Civil relief more than $10,000: FRAUD)**

Filed: 10/23/2019

Judge: Civil Docket C

## PARTIES

"Exhibit 1"

BARR,  WILLIAM, Defendant
ESSER,  RICK, Defendant
FELTE,  JIM, Defendant
GANN,  MICHAEL, Defendant
GARRETT,  DWAYNE  MARVIN, Plaintiff
GORDAN,  CARLOTTA, Defendant
GORDON,  BRIAN, Defendant
LYNN,  BARBARA, Defendant
RAMIREZ,  IRMA  CARRILLO, Defendant
UNITED STATES OF AMERICA, Defendant
VACLAW,  JAMES, Defendant
WALTON,  JIM, Defendant
WASHINGTON COUNTY, Defendant
WEBSTER,  SHIRLEY  DIONE, Plaintiff
WEBSTER,  SONYA, Defendant

# ATTORNEYS

| Attorney | Represented Parties |
| --- | --- |
| PRO SE | WEBSTER,  SHIRLEY  DIONE<br>GARRETT,  DWAYNE  MARVIN |

# EVENTS

None

# ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

| Issue # 1. | Issue: FRAUD (FRAUD)<br>Filed By: GARRETT, DWAYNE MARVIN<br>Filed Date: 10/23/2019 |
| --- | --- |

| Party Name | Disposition Information |
| --- | --- |
| **Defendant:**<br>UNITED STATES OF AMERICA | |
| **Defendant:** BARR, WILLIAM | |
| **Defendant:** FELTE, JIM | |
| **Defendant:** LYNN, BARBARA | |

| Party Name | Disposition Information |
| --- | --- |
| **Defendant:** | |
| RAMIREZ, IRMA CARRILLO | |
| **Defendant:** ESSER, RICK | |
| **Defendant:** | |
| GORDAN, CARLOTTA | |
| **Defendant:** | |
| WASHINGTON COUNTY | |
| **Defendant:** WALTON, JIM | |
| **Defendant:** | |
| WEBSTER, SONYA | |
| **Defendant:** GANN, MICHAEL | |
| **Defendant:** VACLAW, JAMES | |
| **Defendant:** GORDON, BRIAN | |

**Issue # 2.**    Issue: FRAUD (FRAUD)
Filed By: WEBSTER, SHIRLEY DIONE
Filed Date: 10/23/2019

| Party Name | Disposition Information |
| --- | --- |
| **Defendant:** | |
| UNITED STATES OF AMERICA | |
| **Defendant:** BARR, WILLIAM | |
| **Defendant:** FELTE, JIM | |
| **Defendant:** LYNN, BARBARA | |
| **Defendant:** | |
| RAMIREZ, IRMA CARRILLO | |
| **Defendant:** GORDON, BRIAN | |
| **Defendant:** | |
| GORDAN, CARLOTTA | |
| **Defendant:** ESSER, RICK | |
| **Defendant:** | |
| WASHINGTON COUNTY | |
| **Defendant:** WALTON, JIM | |
| **Defendant:** | |
| WEBSTER, SONYA | |
| **Defendant:** GANN, MICHAEL | |
| **Defendant:** VACLAW, JAMES | |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 10-23-2019 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 10-23-2019 | FRAUD | FRAUD | | | |
| 10-23-2019 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 10-23-2019 | PFE1 | PETITION<br>Document Available (#1045268769) 📄TIFF 📄PDF | | | $ 163.00 |
| 10-23-2019 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 10-23-2019 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 10-23-2019 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 10-23-2019 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 10-23-2019 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 10-23-2019 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 10-23-2019 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 10-23-2019 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 10-23-2019 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 10-23-2019 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 10-23-2019 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 10-23-2019 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 10-23-2019 | SMF | SUMMONS FEE (CLERKS FEE) 14 | | | $ 140.00 |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 10-23-2019 | SMIP | SUMMONS ISSUED - PRIVATE PROCESS SERVER | | | |
| 10-23-2019 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CIVIL DOCKET C TO THIS CASE. | | | |
| 10-23-2019 | ADJUST | ADJUSTING ENTRY: MONIES DUE TO AC09-CARD ALLOCATION | | | $ 9.06 |
| 10-23-2019 | ACCOUNT | ADJUSTING ENTRY: MONIES DUE TO THE FOLLOWING AGENCIES REDUCED BY THE FOLLOWING AMOUNTS: CJ-2019-4167: AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY -$0.25 CJ-2019-4167: AC79 OCIS REVOLVING FUND -$0.63 CJ-2019-4167: AC67 DISTRICT COURT REVOLVING FUND -$0.07 CJ-2019-4167: AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS -$0.02 CJ-2019-4167: AC64 DISPUTE MEDIATION FEES CIVIL ONLY -$0.18 CJ-2019-4167: AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND -$0.04 CJ-2019-4167: AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES -$0.13 CJ-2019-4167: AC31 COURT CLERK REVOLVING FUND -$0.05 CJ-2019-4167: AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL -$0.15 CJ-2019-4167: AC01 CLERK FEES -$7.54 | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 10-23-2019 | ACCOUNT | RECEIPT # 2019-4011496 ON 10/23/2019. PAYOR: GARRETT/DWAYNE TOTAL AMOUNT PAID: $ 362.14. LINE ITEMS: CJ-2019-4167: $295.46 ON AC01 CLERK FEES. CJ-2019-4167: $9.06 ON AC09 CARD ALLOCATIONS. CJ-2019-4167: $5.85 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2019-4167: $1.61 ON AC31 COURT CLERK REVOLVING FUND. CJ-2019-4167: $4.87 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2019-4167: $1.51 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2019-4167: $6.82 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2019-4167: $0.43 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2019-4167: $2.41 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2019-4167: $24.37 ON AC79 OCIS REVOLVING FUND. CJ-2019-4167: $9.75 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |

*1045268769*

# IN THE DISTRICT COURT FOR TULSA COUNTY

## STATE OF OKLAHOMA

| | | |
|---|---|---|
| Shirley Dione Webster | ) | |
| Dwayne Marvin Garrett | ) | |
| PLAINTIFFS, | ) | |
| v. | ) | Case # **DISTRICT COURT** |
| | | **FILED** |
| United States of America | ) | OCT 2 3 2019 |
| William Barr | ) | DON NEWBERRY, Court Clerk |
| Jim Felte | ) | STATE OF OKLA. TULSA COUNTY |
| Barbara Lynn | ) | **CJ-2019-04167** |
| Irma Carrillo Ramirez | ) | |
| Rick Esser | ) | William D. LaFortune |
| Washington County | ) | |
| Jim Walton | ) | |
| Sonya Webster | ) | |
| Michael Gann | ) | |
| James Vaclaw | ) | |
| Brian Gordon | ) | |
| Carlotta Gordan alias Lowe | ) | |
| DEFENDANTS, | ) | |

DON NEWBERRY COURT CLERK
2019 OCT 23 P 1:13

---

**Under the Authority of 18 USC § 1344**

**Bank Fraud and Criminal Accessory**

---

"Exhibit 2"

1. On July 30, 2019 at 2:00 pm, Rick Esser, Carlotta Gordon, Washington County, James Vaclaw, Brian Gordon, Sonya Webster, and Jim Walton dba Arvest Bank committed fraud and extortion against Shirley Webster by seizing $48,889.85 on a felonious judgement.

2. Washington County, Rick Esser, and James Vaclaw committed the ultimate crime against Shirley Webster of Civil Rico 18 USC § 1961-1968.

3. Using a case number out of Washington County, Case # CJ-2017-39 that had been removed from State Court to Federal Court in 18-CV-5186, in which they had no authority to proceed; therefore, Washington County committed fraud against a judgement from the 8th Circuit Court of Appeals that had been rendered on 6/14/2019.

4. Michael Gann, working with Rick Esser, Washington County, Carlotta Lowe, and Brian Gordon, committed obstruction of justice to hold up a mandate to commit their crime of fraud.

5. Michael Gann, working with Andrew Olshen, to commit bodily harm for the sole purpose of committing fraud and attempted murder, to keep Dwayne Garrett from opposing judgement in Case # 18-3404.

6.  Michael Gann, working in concert with Irma C. Ramirez and Barbara Lynn, to obstruct
    justice in Case # 3-19-CV-1310M and to commit bodily harm against Dwayne Garrett and
    Shirley Webster to cover up attempted murder, along with Andrew Olshen, on Friday
    August 2, 2019 at 2:00 pm using their ability as officers of the court to violate protocol and
    oath of office in Articles 1 and 7 of the Constitution.

7.  Andrew Olshen and Michael Gann were using a shock treatment to commit murder knowing
    that Dwayne Garrett had a pacemaker. On August 19, 2019 Dwayne Garrett went to
    Hillcrest Hospital to have the pacemaker recalibrated.

8.  Jim Felte, working in concert with Michael Gann, to cover up fraud and extortion on
    September 10, 2019. This was reported to Jim Felte. Jim Felte filed no charges - he is an
    accessory to fraud since he is an officer of the court. He committed obstruction of justice,
    with Michael Gann, by holding 60 days from June 5, 2019 to August 5, 2019, allowing
    completion of their robbery of Shirley Webster, along with Washington County and James
    Vaclaw, in the amount of $48,889.85 on a phony judgement.

9.  William Barr, along with the United States of America, the Department of Justice and Jim
    Felte, were aware of the crimes that were committed; which existed in judgement rendered
    in Case # 18-3404 in the 8th Circuit for 2.5 million dollars, and $721,392.82 in the property
    listed in Case # 2017-5105, and exhibits listed in Case # 18-3404 of the 8th Circuit, and
    exhibits listed in Case # 18-3267, and the mandate of 57 million dollars.

The property exists at Section 22 Township 23 Range 13 which was extorted fraudulently

from Shirley Webster and Dwayne Garrett, reference Book 1106 Page 0229 in Washington

County, Oklahoma. This is proof of the crime in which Mr. Gann and Mr. Vaclaw

committed to cover up prosecution from the existing people, along with Irma Ramirez and

Barbara Lynn, and exhibits listed September 2, 2019.


10. This was reported to the Justice Department, to Mr. Barr and Mr. Felte with a response on

May 15, 2019; see in exhibits the letter from the 15th stating they knew of no Federal law

that had been broken by Mr. Felte as a part of the Department of Justice. This shows the

corruption and the cover up of over 58 million dollars.


## Remedy Sought

That justice under the color of law be served under the recommendation under the *Motion to

Compel* in Case # 3:19-CV-1310M, along with the existing bank fraud that we are filing in

which we are asking 42 million dollars in damages under the Criminal Reform Act.

Oct 23-2019 *Shirley Dione Webster*

Date       Shirley Dione Webster
P.O. Box 217 HC 61
Lenapah, Oklahoma, 74042

*PO BOX 717*
*OWASSO, OK*
*74055*

Oct 23 2019 Date       Dwayne Marvin Garrett
395241 West 3000 Road
Ochelata, Oklahoma 74051

Department of Justice
Mr. William Barr
950 Pennsylvania Ave NW
Washington, D.C. 20530-0001

State of *Oklahoma*

County of *Washington*

The foregoing document was acknowledged before me this *23rd* day of *October*, 2019.

Signature of Notary Public _____

My Commission Expires *07/08/23*

CLIFTON CONNER
NOTARY PUBLIC
COMM.# 19008768
EXPIRES 07/08/23
IN AND FOR
STATE OF OKLAHOMA
WASHINGTON COUNTY



# ARVEST®
## BANK

July 23, 2019

SHIRLEY WEBSTER
OR SHOAT WEBSTER
WEBSTER RANCH
HC 61 BOX 217
LENAPAH OK 74042-9724

**RE: NOTICE OF GARNISHMENT**

Dear Shirley,

Please take a moment to read this important communication regarding your Arvest account. This letter is to inform you that Arvest Bank has received a Writ of Garnishment naming you as a Defendant on July 23, 2019 in the amount of $256,195.16.

On July 23, 2019 we researched your account and identified one or more Federal benefit payments deposited in the last two months. As required by Federal regulations, we have established a "protected amount" of funds that will remain available to you and that will not be removed from your account in response to the garnishment order. Below are the affected accounts ending in:

| Account # | Balance | Amt Protected | Amt Subject to Garnishment | Fee |
|-----------|---------|---------------|---------------------------|-----|
| - 5907 | $50,521.85 | $1,632.00 | $48,889.85 | $60.00 |

As of the date of this letter, the funds shown above that may be subject to the Writ of Garnishment under state law in the amount of $48,829.85 have been remitted. Outstanding checks presented for payment against unavailable funds may be returned unpaid and marked "Non-Sufficient Funds." If you have a safe deposit box, you will be unable to gain access for 30 days.

Additional information about this garnishment process and your rights can be found on the enclosed "Additional Information About Garnishment Process" form.

If you have any questions regarding your account, please call our customer service department at 866-952-9523.

Thank you,

Arvest Bank
Customer Service

Member FDIC

IN THE District Court of Washington County OK
STATE OF OKLAHOMA

Plaintiff: Carlotta Gordon & Brian Gordon
vs.                                                    Case No.  CJ-2017-239
Defendant: Shirley Dionne Garrett and/or Shirley D Webster

Garnishee: Arvest Bank                    Attorney for Plaintiff: Frederick S Esser

## BANK or FINANCIAL INSTITUTION'S ANSWER
### (General Garnishee's Answer/Affidavit)

STATE OF OKLAHOMA
                                 ss.
COUNTY OF WASHINGTON
   Michelle Hernandez       , being duly sworn deposes and says:
        (Name of Affiant)

I am the Coll Specialist of Arvest Bank, a corporation, organized under the laws of the State of Oklahoma.
            (Official title)
        Garnishee, having been served with this garnishment summons on July 23, 2019, and having
knowledge of the facts and being sworn, states:

CHECK ONLY ONE (1) OF THE FOLLOWING - Whichever properly describes your garnishment response:

( x ) 1.  **MONEY/FUNDS AVAILABLE:** At the time of service of the general garnishment summons (or upon the
date it became effective), the garnishee bank/financial institution was indebted to the judgment debtor or had
POSSESSION or CONTROL of any property, money, goods, chattels, credits, negotiable instruments or
effects belonging to the judgment debtor as follows:

Amount: $48,829.85
Other (specify): Judgment debtor has funds on deposit for $48,829.85 . Cashier check remitted.

( . ) 2.  **NO MONEY, GOODS, CHATTELS, CREDITS, NEGOTIABLE INSTRUMENTS, OR OTHER
        EFFECTS AVAILABLE:** At the time of the service of the garnishment summons (or upon the date it
        became effective) the garnishee was not indebted to the judgment debtor/defendant the judgment debtor/
        defendant status was:

        SPECIFY: _____

The garnishee mailed a copy of notice of garnishment and exemptions and application for hearing by first
class mail to the defendant at: OR SHOAT WEBSTER WEBSTER RANCH HC 61 BOX 217 LENAPAH
OK 74042-9724

Date Mailed:     7/23/2019                         _____
                                                          (Garnishee Signature)

Subscribed and sworn to me before me this  23   day of      July      , 2019

                                                          _____
                                                               (Notary Public)

```
OFFICIAL SEAL
LISA J. COOK
WASHINGTON COUNTY
NOTARY PUBLIC - ARKANSAS
MY COMMISSION EXP. FEB. 1, 2021
COMMISSION# 12380707
```

MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain

Message-Id:<11691319@txnd.uscourts.gov>
Subject:Activity in Case 3:19-cv-01567-L-BT Garrett v. Esser et al Order
Referring Case to Magistrate Judge
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se
litigants) to receive one free electronic copy of all documents filed electronically, if
receipt is required by law or directed by the filer. PACER access fees apply
to all other users. To avoid later charges, download a copy of each document
during this first viewing. However, if the referenced document is a transcript,
the free copy and 30 page limit do not apply.

U.S. District Court
Northern District of Texas

Notice of Electronic Filing
The following transaction was entered on 7/31/2019 3:20 PM CDT and filed
on 7/31/2019

Case Name: Garrett v. Esser et al

Case Number: 3:19-cv-01567-L-BT
https://ecf.txnd.uscourts.gov/cgi-bin/DktRpt.pl?319033

Filer:

Document Number: 5

Copy the URL address from the line below into the location bar
of your Web browser to view the document:
https://ecf.txnd.uscourts.gov/doc1/177112584781?caseid=319033&de_seq_num=24&magi
c_num=MAGIC

Docket Text:
STANDING ORDER OF REFERENCE: This case
is hereby referred to United States Magistrate Judge Rebecca Rutherford
for pretrial management. All nondispositive motions, pending or prospective,
are referred to the magistrate judge for determination. (Ordered
by Judge Sam A. Lindsay on 7/31/2019) (ndt)

3:19-cv-01567-L-BT Notice has been electronically mailed to:

3:19-cv-01567-L-BT Notice required by federal rule will be delivered by other
means (as detailed in the Clerk's records for orders/judgments) to:

Shirley Dione Webster Garrett
PO Box 217 HC 61
Lenapah, OK 74042

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:

[STAMP dcecfStamp_ID=1004●775 [Date=7/31/2019] [FileNumb●11691318-0]
[68b5ef57f0921c887abdc7d751c26dfe2f5b7425cb5fad015b96131addd24d824f7f25466e1db16
3fb37c8014f2b959fa8041ec88a3662ed84883fc15c7a7246]]

```
    2195907 THRU 07-28-19   TRANSACTION SYSTEM - CUSTOMER STATEMENT      PAGE   1
SHIRLEY WEBSTER                   BALANCE AS OF   7-17-19            50,521.85
OR SHOAT WEBSTER                  +DEP/CR          0                      .00
WEBSTER RANCH                     -CK/DR           3               49,001.85
HC 61 BOX 217                     -SVC CHARGE                            .00
LENAPAH OK 74042-9724             +INT PAID                              .00
                                  CURRENT BAL                       1,520.00
Pst/Dt  Description                                 Amount           Balance
Eff/Dt   Serial Number     Description              Amount           Balance
072319                   GARN CARLOTTA G          48829.85-          1692.00
072319


072319                   GARNISHMENT PRO             60.00-          1632.00
072319


072319                   AMER ELECT PWR             112.00-          1520.00
072319   WEBSTER, SHIRLEY


STATEMENT COMPLETE
```

Case 6:21-cv-01246-EFM-KGG   Document 1   Filed 10/12/21   Page 24 of 123

20-0700-4D   Checking Account Inquiry   Detail History Date 11/06/19   Page 21 of 108
Case 4:19-cv-00399-EFM   Document 2   Filed in USDC ND/OK on 07/29/20

Account number  . . . 2195907   Short name  WEBSTER SHIRLEY

```
*--------------------Detail Information--------------------*
    Posting date julian/calendar          2019204  /  7-23-19
    Effective date julian/calendar        2019204  /  7-23-19
    Transaction number within day                       1
    DR/CR code                                          6
    Posting/internal/original tran code    49  /  49  /  49
    Transaction amount                         48,829.85-
    Serial/check number
    Str/run/bat/seq#          00/800/0000059/0000010/00
    Quantity for this transaction                       1
    Passbook/reversal flag                         /
    Substitute check flag
    Source of transaction/user ID               /
    Description of transaction   GARN CARLOTTA GORDON & BRIAN
```

F3=Exit   F15=New Checking Inquiry

## IN THE DISTRICT COURT OF WASHINGTON COUNTY
### STATE OF OKLAHOMA

|                                                                                                         |     |                                                                             |
| ------------------------------------------------------------------------------------------------------- | --- | --------------------------------------------------------------------------- |
| CARLOTTA GORDON and                                                                                     | )   |                                                                             |
| BRIAN GORDON,                                                                                            | )   |                                                                             |
| Plaintiffs,                                                                                              | )   |                                                                             |
|                                                                                                         | )   |                                                                             |
| vs.                                                                                                     | )   | Case No:   CJ-2017-239                                                       |
|                                                                                                         | )   |                                                                             |
| SHIRLEY DIONNE GARRETT,                                                                                  | )   |                                                                             |
| Also known as SHIRLEY GARRETT and/or                                                                    | )   |                                                                             |
| SHIRLEY D. WEBSTER, an Individual;                                                                       | )   |                                                                             |
| and,                                                                                                    | )   |                                                                             |
| DWAYNE M. GARRETT,                                                                                       | )   |                                                                             |
| An Individual,   Defendants.                                                                            | )   |                                                                             |

DISTRICT COURT WASHINGTON CO OK
JILL L. SPITZER, COURT CLERK

F
I     JUL  2 2019
L
E
D
BY _____ DEPUTY

### **Garnishment Affidavit**
#### (12 O.S. § 1172)

|                         |     |
| ----------------------- | --- |
| STATE OF OKLAHOMA       | )   |
|                         | )   |
| COUNTY OF WASHINGTON    | )   |

I, Frederick S. Esser, being duly sworn, state as follows:

1. That I am the attorney for Judgment Creditor/Plaintiff, Carlotta Gordon and Brian Gordon, in the above-styled case;

2. **For Prejudgment Garnishment**: N/A

3. **For Postjudgment Garnishment**: That Shirley Dionne Garrett, also known as Shirley Garrett and/or Shirley D. Webster, Defendant in the above-styled case, is indebted to the Plaintiff as follows:

| | |
| --- | --- |
| $ 157,050.00 | In favor of Carlotta Gordon |
| $  94,203.17 | In favor of Brian Gordon |
| $ 246,253.17 | Interest-bearing balance |
| $    9,866.99 | Interest at 6.50 % from December 3, 2018 *(date)* |
| $         75.00 | Court costs not included in interest-bearing balance |
| $         -0- | Attorney fees not included in interest-bearing balance |
| **$ 256,195.16** | **Total Garnishment amount** |

4.    That I believe that **Arvest Bank Group** is indebted to the Defendant, **Shirley Dionne Garrett, also known as Shirley Garrett and/or Shirley D. Webster**, or has property within the its possession or under its control belonging to this Defendant, which is not by law exempt from seizure or sale upon execution.

5.    Plaintiff is **NOT** seeking a continuing garnishment.

Frederick S. Esser, OBA#2761
401 S, Dewey, Suite 214
Bartlesville, OK   74003
Telephone:    918/336-5959
Facsimile:    918/336-5966
Email: rick@akersesserlaw.com
*Attorney for the Judgment Creditor / Plaintiff*

Subscribed and sworn to before me this 19th day of June 2019

Heather A. Snow, Notary Public
Commission No. 01001247

My commission expires: February 14, 2021
[SEAL]



In the District Court of <u>Washington</u> County
State of Oklahoma

**Carlotta Gordon and**
**Brian Gordon**
_____ )
Plaintiff                  )
                           )
                           )
_vs._                      )
                           )
**Shirley Dionne Garrett, also known** )   Case No. __CJ-2017-239__
Defendant                  )
**as Shirley D. Webster**   )
_and_                      )
                           )
**Arvest Bank**            )
_____ )
Garnishee                  )

Claim for Exemption and Request for Hearing

1.  Funds sought in garnishment are exempt from execution because they are (check
    applicable box):

    ☐   A.   Social Security benefits – 42 U.S.C. § 407.

    ☐   B.   Supplemental security income – 42 U.S.C. §1383(d).

    ☐   C.   Unemployment benefits – 40 O.S. §2-303.

    ☐   D.   Workmen's Compensation benefits – 85 O.S. §48.

    ☐   E.   Welfare benefits – 56 O.S. §173.

    ☐   F.   Veterans' benefits – 38 U.S.C. §3101, 31 O.S. §7.

    ☐   G.   Monies in Possession of Police Pensions – 11 O.S. §50-124.

    ☐   H.   Monies in Possession of Firemen's Relief & Pension Fund – 11 O.S. §49-126.

    ☐   I.    Monies in Possession of County Employee's Retirement System – 19 O.S. §959.

    ☐   J.    Monies in Possession of Public Employee's Retirement Fund – 74 O.S. §923.

    ☐   K.   Teacher's Annuities or Retirement Allowance – 70 O.S. §17-109.

    ☐   L.    Annuities and pension payments under Railroad Retirement Act – 45 U.S.C.
             §231(m).

    ☐   M.   United States Civil Service Retirement and Disability Pension Fund Payments –
             5 U.S.C. §8346.

    ☐   N.   United States Civil Service Survivor Annuities – 5 U.S.C. §8346.

    ☐   O.   Interest in Retirement, Pension and Profit Sharing Plans – 60 O.S. §327, 60 O.S.
             §328.

    ☐   P.   The Wages of Seamen – 46 U.S.C. §601.

    ☐   Q.   Funds vested in the Alien Property Custodian – 50 U.S.C. Appx. §9(f).

    ☐   R.   Prepaid Burial Benefits – 36 O.S. §6125.

    ☐   S.   Proceeds of Group-Life Insurance Policy – 36 O.S. 3632, and 36 O.S. §4026.

    ☐   T.   Alimony, support, separate maintenance, or child support necessary for support
             of judgment debtor or dependent – 31 O.S. §1.1.

    ☐   U.   Personal wage exemption because of undue hardship – 31 O.S. §1.1.

    ☐   V.   Other (please state): _____

2.   Check one box:

☐   All funds are exempt, or,

☐   I believe the following amount of money is exempt:  $_____
     *(Fill in the amount of funds to be exempt).*

3.   Check if applicable:

☐   I have attached copies of the documents that show that my money is exempt.

4.   If garnishment is for wages, this claim and request is filed for the pay period
     _____ through _____, inclusive.

5.   I request that this matter be set for hearing.

_____

Signature

Address for mailing of Court Hearing Notice

_____

_____

Address for mailing a copy of Claim to Judgment
Creditor's Attorney:

_____

_____

You must mail the original to the Court Clerk of  **Washington**_____County at the following
address:   **420 S. Johnston Ave., Bartlesville, Oklahoma 74003**_____

_____

*AOC Form 22*
*Revised 8/05*

## NOTICE OF GARNISHMENT AND EXEMPTIONS

**IMPORTANT:** YOUR MONEY MAY BE TAKEN TO PAY A JUDGMENT. READ THIS CAREFULLY.

A Garnishment Summons against your account(s), wages or other property has been served on the named garnishee. Money held for you by the named garnishee may be taken to pay a judgment against you. However, some money is protected by law ("exempt") and cannot be taken to pay certain types of judgments. The following is a list of funds that may be exempt. By law, additional exemptions may also be available:

| | |
|---|---|
| A. | Social Security Benefit – 42 U.S.C. § 407. |
| B. | Supplemental Security Income – 42 U.S.C. § 1383 (d) |
| C. | Unemployment Benefits – 40 O.S. § 2-303. |
| D. | Workers' Compensation Benefits – 85A O.S § 10. |
| E. | Welfare Benefits – 56 O.S. § 173. |
| F. | Veteran's Benefits – 38 U.S.C. § 5301, 31 O.S. § 7. |
| G. | Monies in possession of Police Pensions – 11 O.S. § 50-124. |
| H. | Monies in possession of Firemen's Relief and Pensions Fund – 11 O.S. § 49-126. |
| I. | Monies in possession of County Employee's Retirement System – 19 O.S § 959. |
| J. | Monies in possession of Public Employee's Retirement Fund – 74 O.S § 923. |
| K. | Teacher's Annuities or Retirement Allowance – 70 O.S. § 17-109. |
| L. | Annuities and Pension Payments under Railroad Retirement Act – 45 U.S.C. § 231m. |
| M. | United States Civil Service Retirement and Disability Pension Fund Payments – 5 U.S.C. § 8346. |
| N. | United States Civil Service Survivor Annuities – 5 U.S.C § 8346. |
| O. | Interest in Retirement, Pension and Profit Sharing Plans – 60 O.S. § 327, 60 O.S. §328. |
| P. | The Wages of Masters and Seamen – 46 U.S.C § 11109. |
| Q. | Funds vested in the Alien Property Custodian – 50 U.S.C. § 4309(f). |
| R. | Prepaid Burial Benefits – 36 O.S. § 6125. |
| S. | Proceeds of Group Life Insurance Policy – 36 O.S. § 3632 and 36 O.S. § 4025. |
| T. | Alimony, support, separate maintenance. or child support necessary for support of defendant dependent – 31 O.S. § 1.1. |
| U. | Personal wage exemption because of undue hardship – 31 O.S. § 1.1. |
| V. | Longshore and Harbor Worker's Death and Disability Benefits – 33 U.S.C. § 916 |
| W. | Foreign Service Retirement and Disability Benefits – 22 U.S.C. § 4060 |
| X. | Compensation for Injury, Death, or Detention of Employees of Contractors with the US Outside of the US – 42 U.S.C. § 1717 |
| Y. | Student loans or work assistance – 20 U.S.C § 1095a |
| Z. | FEMA Assistance – 44 CFR 206.110 |

The above exemptions generally do not apply to judgments and garnishments for Alimony and Child Support. If you are a corporation, you may have other exemptions.

If an account is being garnished and the money in the account does not belong to you, or if you are aware of other reasons why money should not be taken to pay the judgment, you may want to consult an attorney. Because of the garnishment, the garnishee may be required to withhold the amount of money claimed by the plaintiff. You may not be able to withdraw that money. If your account contains Social Security payments or other federal benefit payments, your bank may have determined that some amounts are protected from garnishment.

If you believe that you are entitled to an exemption, complete the following steps immediately. <u>You must complete the steps and return the form to the Court Clerk within five (5) days from the date you received this notice.</u>

1. On the attached "Claim for Exemptions and Request for Hearing" form, check the box next to the exemptions you claim.
2. Check whether you claim all money is exempt. If you do not claim that all money is exempt, write in the amount you believe is exempt.
3. Sign your name in the space indicated on the form. Write the address where the Court Clerk can notify you of the hearing date and time.
4. Mail the claim for Exemptions and Request for Hearing to the Court Clerk. You may include copies of any Information you have that the money is exempt, such as copies of documents or letters from government agencies.

THE COURT CLERK MUST RECEIVE THE CLAIM FOR EXEMPTION AND REQUEST FOR HEARING WITHIN FIVE DAYS FROM THE DATE YOU RECEIVED YOUR NOTICE. The Court Clerk will set the matter for hearing and notify you. At the hearing in Court, you will have to prove that your money is exempt from garnishment. You may want to consult an attorney for advice concerning the hearing. If you have been served with a continuing garnishment, you will be provided a claim for exemptions and request for hearing during each pay period during the garnishment period.

If you do not request a hearing within five (5) days from the date you received this notice, but believe you are entitled to an exemption, you should consult an attorney. The attorney may be able to assist you in claiming an exemption by filing a motion with the court.

YOU MUST ALSO MAIL A COPY OF YOUR CLAIM FOR EXEMPTION AND REQUEST FOR HEARING TO THE JUDGMENT CREDITOR'S ATTORNEY.

## Additional Information About Garnishment Process

*What is garnishment?*

Garnishment is a legal process that allows a creditor to remove funds from your bank account to satisfy a debt that you have not paid. In other words, if you owe money to a person or company, they can obtain a court order directing your bank to take money out of your account to pay off your debt. If this happens, you cannot use that money in your account.

*Who garnished my account?*

The name of the creditor who obtained the garnishment writ against you can be found within the enclosed copy of the Writ of Garnishment. If you have questions concerning this garnishment, please contact the court or the attorney for the creditor listed on the Writ of Garnishment.

*Do I need to do anything to access my protected funds?*

You may use the "protected amount" of money in your account as you normally would. There is nothing else that you need to do to make sure that the "protected amount" is safe.

*What types of Federal benefit payments are protected from garnishment?*

In most cases, you have protections from garnishment if the funds in your account include one or more of the following Federal benefit payments:

- Social Security benefits
- Supplemental Security Income benefits
- Veterans benefits
- Railroad retirement benefits
- Railroad Unemployment Insurance benefits
- Civil Service Retirement System benefits
- Federal Employees Retirement System benefits

*What should I do if I think that additional funds in my account are from Federal benefit payments?*

If you believe that additional funds in your account(s) are from Federal benefit payments and should not have been removed, there are several things you can do:

- You can file a claim of exemption and submit it to the court. Some court clerk's offices have forms that you can use for this purpose.
- You may contact the creditor that garnished your account and explain that additional funds are from Federal benefit payments and should be released back to you. The creditor may be contacted through their attorney named on the enclosed Writ of Garnishment. If contact information for the creditor or for the creditor's attorney is not shown on the Writ of Garnishment, the court clerk that issued the Writ of Garnishment can provide that information to you.
- You may also consult an attorney (lawyer) to help you prove to the creditor who garnished your account that additional funds are from Federal benefit payments and cannot be taken. If you cannot afford an attorney, you can seek assistance from a free attorney or a legal aid society.

This notice is being provided to you under the requirements of federal law and regulations. By issuing this required notice Arvest Bank is not providing legal advice to you.

RESPONSE TO REQUEST FOR SEPARATION DOCUMENTS/ INFORMATION

☑ The attached document(s) are furnished in response to your request.

☐ For specific information pertaining to your inquiry, please see the checked item(s) on the attached information sheet.

*The Part of your request concerning medals will be answered at a later date by another ~~unit~~ units*

*MILITARY SERVICE DOCUMENTS ARE EXTREMELY IMPORTANT.  GUARD THEM CAREFULLY AGAINST LOSS OR DAMAGE.*

TO:

D Wayne M. Garrett
89 Evergreen Circle
Arlington Texas 76010

HCPM A.C.A
L B Davis
for LINDA L. NUNLEY
Chief, Army Reference Branch

NATIONAL PERSONNEL RECORDS CENTER
(Military Personnel Records)
9700 Page Boulevard
St. Louis, MO  63132

DATE: 2-6-75

GENERAL SERVICES ADMINISTRATION

GSA FORM 6941 (REV. 4-73)

Case 4:19-cv-00595-GKF-FHM   Document 2 Filed in USDC ND/OK on 11/06/19   Page 29 of 108

| SERVICEMAN'S STATEMENT CONCERNING APPLICATION FOR COMPENSATION FROM THE VETERANS ADMINISTRATION (VA Form 21-526e) (AR 635-61) | DATE 15Sep67 |
|---|---|

PLACE OF SEPARATION (Hospital or other separation activity)
**Separation-Transfer Point Ft Geo G Meade,Md   20755**

### INSTRUCTIONS

Each officer, and enlisted person being processed for separation from active military service for any reason who has undergone prolonged hospitalization, or suffered from wounds, injury or disease while in service, is advised to apply for compensation from the Veterans Administration by completing VA Form 21-526e. Each individual who had a physical defect when he entered the service which he feels was aggravated by military service should file VA Form 21-526e. You are further advised that, if you do not apply for compensation from the Veterans Administration by completing VA Form 21-526e at the time of separation, you may do so at any time thereafter; that, if you do intend to file, it is advisable to do so before you leave the service as at that time your medical records are more easily obtainable and action by the Veterans Administration on your claim will be expedited thereby; and that filing VA Form 21-526e will in no way delay your separation. When you have read the above paragraph, place your initials at the end of this sentence. X

I AM BEING PROCESSED FOR SEPARATION FROM THE ARMY AND HAVE BEEN ADVISED THAT I AM ENTITLED TO FILE AN APPLICATION FOR COMPENSATION FROM THE VETERANS ADMINISTRATION.

☐ I HAVE FILED AN APPLICATION FOR SUCH COMPENSATION ON VA FORM 21-526E.

☒ I HAVE DECIDED NOT TO FILE AN APPLICATION FOR SUCH COMPENSATION AT THIS TIME. I UNDERSTAND THAT I MAY DO SO AT A LATER DATE.

| NAME, GRADE, AND SERVICE NO. (Addressograph plate may be used in this space.) | SIGNATURE OF INDIVIDUAL BEING SEPARATED |
|---|---|
| GARRETT, DWAYNE M,PFC   E3,US54364241. | |

### PREPARATION AND DISTRIBUTION

ORIGINAL will be prepared in all cases. Attach to SF 88 and forward to The Adjutant General with personnel records.

DUPLICATE will be prepared in all disability separations regardless of whether VA Form 21-526e is prepared, and in all other types of separations only when VA Form 21-526e is prepared. Attach to #d copy of DD Form 214 for disposition in accordance with Appendix III, AR 635-5.

DA FORM 664
AUG 83

EDITION OF 1 MAY 62 IS OBSOLETE.

GPO 803-443

ATTN: George Willard
Case # 28490 184

Owner:  MARGARET ULLRICH SNOW, formerly known as, MARGARET ULLRICH
       BOX 3523, STAGE COACH TRAIL, LYONS, COLORADO 80540

Buyer:  DWAYNE and RUTH GARRETT
       ROUTE 1, BOX 1246 OCHELATA, OKLAHOMA 74051

     For a consideration of THREE THOUSAND DOLLARS ($3,000.00),
Owner agrees to sell, deliver and convey by warranty deed the
following described property to wit:

     The West 417.5 feet of the South 208.75 feet of the W/2
     NW/4 of Section 22, Township 23 North, Range 13 East,
     Less the West 16.5 feet for State Highway Right-of-Way
     purposes

     Buyer agrees to purchase the above-described property and pay
the sum of THREE THOUSAND DOLLARS ($3,000.00) in the following
manner: to pay on the signing of this Contract the sum of THREE
THOUSAND DOLLARS ($3000.00), the receipt of which is hereby
acknowledged; said payment to be held by BROTEMAN, BUCHHOLZ and
McDOWELL, Attorneys at Law, until the closing of this sale.

     RURAL WATER TAP; BARN, FOUNDATION, FOOTINGS, CONCRETE SLAB,
OUT BUILDING.  THE HOME ONCE LOCATED ON SAID PROPERTY WAS DESTROYED
BY FIRE ON OR ABOUT FEBRUARY 14, 1993.

     THERE ARE NO Rent and Insurance adjustments.

     Taxes:  TWO HUNDRED SIXTY-SEVEN DOLLARS ($267.00) are to be
paid by Owner at time of closing.

     Owner agrees to give possession at time of closing.

     Owner agrees to furnish abstract brought down to date showing
title to be merchantable and vested in Owner.  Owner shall have a
reasonable time to bring abstract of title down to date of this
Contract, and the Buyer shall have a reasonable time to have said
abstract examined.  This condition was met by both parties prior to
time of closing, which was at the same time and date as of the date
of this contract.

     If merchantable title cannot be given in a reasonable time,
the earnest payment shall be returned to the Buyer, and this
Contract shall be of no further effect to the parties hereto unless
otherwise agreed in writing between the parties hereto.
(RISK OF LOSS OR DAMAGE SHALL REMAIN UPON OWNER UNTIL DELIVERY OF
TITLE).

     This Contract shall extend to and be binding on the heirs,
executors, administrators or assigns of the parties hereto.

_Margaret Ullrich Snow_
MARGARET ULLRICH SNOW, formerly known as,
MARGARET ULLRICH
BOX 3523, STAGE COACH TRAIL, LYONS, COLORADO 80540
Owner

_David Garrett_ _____
DWAYNE GARRETT
ROUTE 1, BOX 1246
OCHELATA, OKLAHOMA 74051
Buyer

RUTH GARRETT, by DWAYNE GARRET,
HER ATTORNEY-IN-FACT
ROUTE 1, BOX 1246
OCHELATA, OKLAHOMA 74051
Buyer

Exhibit 8

IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

DWAYNE GARRETT,
ESTATE OF DELMER B. GARRETT,
SHIRLEY DIONNE GARRETT
HER ATTORNEY – IN- ACT

$C \ FD-94-469$

*Plaintiff*

*CARLOTTA COLENE GARRETT GORDON*
*Defendant*

EXECUTION OF SALE OF PROPERTY OF HOME THAT IS COVERED BY
HOMESTEAD EXEMPTION FOR THE GARRETT ESTATE
W 417.5' OF A 208.75' OF W ½ NW LESS W 16.5' TO H/W: 1.92 AC SEC 22 TWNSHP:
23N RANGE: 13E

*When this property was purchased it was bought by Ruth V. Garrett with no home on it.*
*According to the contract there was nothing but the slab. A new home was built with*
*Shirley Garrett and Delmer B. Garrett's money. The square footage was 3200 sq. feet.*
*We are forcing this sale because she won judgment of half the land so we are sending*
*copies of the tax records. Delmer B. Garrett passed away and we need to sell it to pay his*
*debts. We are putting a time line on this to put closure to this 20 years of fighting in the*
*courts. One divorce was in 1995 and one was 2006 so we are putting a 90-day time line*
*to either pay the money or the judgment is null and void. We are petitioning you to pay*
*the money so we can go on with our lives you can make appt to see the house, which was*
*updated 2 years ago.  The land part will be dealt with at a later date.  The estimate of this*
*house is $85.00 and $140.00 per square foot. I figured it at the lower of the two, which*
*calculates to be $272,000.00.  The other land will be joined by whoever wants to buy it.*

Dwayne Garrett
*Attorney-in-Fact for*
*Shirley Garrett*

3 95 2-41
Romona Okla
74661

ACKNOWLEDGEMENT

PAMELA K. HARRIS
NOTARY
PUBLIC
IN AND FOR
#12007770
EXP. 8/16/2018
STATE OF OKLAHOMA

Pamela K. Harris

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| Shirley Dione Webster | ) | |
| Dwayne Marvin Garrett | ) | |
| PLAINTIFFS, | ) | |
| Vs. | ) | Case # 3:19-CV-1310M |
| | ) | |
| United States of America, et al. | ) | |
| DEFENDANTS, | ) | |

Motion to Compel Final Decree of Mandate in Case # 3:19-CV-1310M in
Mandate from the 8th Circuit of 18-3404 and
Mandate 18-3267 Under the Authority Writ of 28 USC § 1651(a) and
Recommendation in Case # 3:19-CV-1310M

Action # 1

Rick Esser, under the Criminal Rights Act 18 USC § 3771, is guilty of malicious prosecution, fraud, extortion, and aiding and abetting. We are asking for 7 ½ years and his pension under the Act. We are asking five million dollars in damages.

Action # 2

Washington County, in violation of malicious prosecution, for presenting forgery charges against Delmar B. Garrett, along with Rick Esser, shortening his life under the provisions of malicious prosecution by filing charges of forgery on his own place, and destroying deeds that belong to him using Carlotta Lowe as a victim as one leg of the

statute. We are asking for twenty five million dollars for allowing Carlotta Lowe, which is a personator, to file a divorce against Dwayne M. Garret while she was still married.

Action # 3

Carlotta Lowe, alias Carlotta Gordon, Carlotta Garrett, while being married to James Lowe, was allowed to file for divorce against Dwayne M Garrett, which is fraud, and working in concert with Washington County, which is fraud. We are asking for recommendation of 25 years and forfeit all property.

Action # 4

Brian Gordon, which was working in concert with Carlotta Gordon, committed fraud upon Washington County, along with Sheriff Rick Silver stole all the property. Everything that Delmer B. Garrett owned was stolen. There will be a list of the property provided to the court including horses, underwear, socks, everything that Delmar B. Garrett had, which totals $721,392.82. The aggravation and stress contributed to his death.

Action # 5

David B. Gambil, which committed fraud and extortion by giving Carlotta Lowe a divorce decree, which channeled the outcome of the Sheriffs sale. We are asking five million dollars from Mr. Gambil and his pension from his acts. We are asking for 7 ½ years for the fraudulent acts he is accused of.

Action # 6

James Vaclaw, working in concert with Washington County, committed fraud and extortion that committed hearings to do bodily harm against Dwayne M Garrett and Shirley D Webster. We are asking for 7 ½ years and his pension under the Act. We are asking for a provision that Mr. Vaclaw never sees daylight again. We are asking to change the municipality of Bartlesville to legalize criminals.

Action # 7

Johnny Akers should be accessed at two and a half million dollars and forfeit his license.

Action # 8

Mike Dunlap should be accessed under the Victims Rights Act, no pension. He should be accessed and be listed as a criminal, to never hold office again.

Action # 9

Mary Fallon, the State of Oklahoma - she is working as a criminal accessory and could have stopped this as an Officer of the Court. She has committed fraud and extortion. We are asking for a recommendation of 2 ½ years and forfeit all pension to Dwayne M. Garrett and Shirley D. Webster under the Victims Rights Act. She has been found guilty along with the State of Oklahoma and should be accessed at twenty-five million dollars for neglect of duty.

Action # 10

Lexie Norwood, by using State money and committing fraud against the taxpayers. We are asking for 2 ½ years and all proceeds of pension be reverted to Dwayne M. Garrett and Shirley D. Webster under the Victims Rights Act.

Action # 11

Gary Jones, committing fraud against the State of Oklahoma, using his office to violate Dwayne M. Garrett and Shirley D. Webster's rights. We are asking for an assessment of 2 ½ years and his pension revert to Dwayne M. Garrett and Shirley D. Webster under the Victims Rights Act. He was found guilty under Mandate # 18-3267, judgment recorded 6/20/2019.

Action # 12

Mr. Michael E Horowitz was found guilty on 6/20/2019, working as an Officer of the Court, did not do his duty as an officer. He committed aiding and abetting. We are asking for assessment under the Victims Rights Act, his pension and his provider, the United States of America. We are asking under Title 18 USC § 1001, twenty-five million dollars.

Action # 13

In Case # 3:19-CV-1310M, Gill Altom, Jr. along with Kaufman County, manufactured false judgment against Dwayne M. Garrett under Title 18 USC § 1001. We

are asking from Kaufman County five million dollars and Mr. Gill Altom, Jr. forfeit his

bond to Dwayne M. Garrett for malpractice.


Action # 14

    G & H and Dorothy Ann Garrett, to forfeit property belonging to Dwayne M

Garrett, and that G & H is accessed at two and a half million dollars.


Date Sept 9, 2019

        Shirley Dione Garrett
        PO Box 217 HC 61
        Lenapah, OK. 74042


9-9-2019
Date

        Dwayne Marvin Garrett
        395241 West 3000 Road
        Ochelata, Oklahoma 74051


State of _____
County of _____
The foregoing document was acknowledged before me this _____ day of
_____, 2019.
Signature of Notary Public _____
My Commission Expires _____


Department of Justice
Mr. William Barr
950 Pennsylvania Ave, NW
Washington, D.C. 20530-0001

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No: 18-3404

Shirley Garrett, also known as Shirley Webster and Dwayne M. Garrett

Appellants

v.

Carlotta Lowe, also known as Carlotta Gordan, et al.

Appellees

---

Appeal from U.S. District Court for the Western District of Arkansas - Fayetteville
(5:18-cv-05186-TLB)

---

## MANDATE

In accordance with the judgment of 06/14/2019, and pursuant to the provisions of Federal

Rule of Appellate Procedure 41(a), the formal mandate is hereby issued in the above-styled

matter.

August 05, 2019

Clerk, U.S. Court of Appeals, Eighth Circuit

# United States District Court for the Northern District of Arkansas

Shirley D Garrett                      )
    Aka Shirley D Webster      )
Dwayne Garrett                         )
    PLAINTIFFS                 )
                               )
Vs.                                    )    Case # CJ-2017-239
                               )    Case # 18-CV-5186
Carlotta Lowe                          )
    Aka Carlotta Gordan        )
Brian Gordan                           )
James Vaclaw                           )
David Gambill                          )
Johnny Akers                           )
Rick Esser                             )
Mike Dunlap                            )
    DEFENDANTS

---

Notice of Appeal to the 8th Circuit

---

    Notice is hereby given that Shirley Webster-Garrett and Dwayne Garrett, plaintiffs in the above named case, appeal to the United States Court of Appeals for the 8th Circuit from the final judgment wherein Carlotta Lowe, Brian Gordan, James Vaclaw, David Gambill, Johnny Akers, Rick Esser and Mike Dunlap deprived Shirley Webster-Garrett and Dwayne Garrett of access to court, denied them remedy, and violated their Constitutional rights by refusing to adjudicate their claim according the rule of law and precedent, and retaliated against Shirley Webster-Garrett and Dwayne Garrett for daring to cite records verifying multiple counts of perjury.

_____ Date 11/16/2018

Shirley Webster-Garrett

_____ Date 11/16/2019

Dwayne Garrett

State of _____
County of _____
The foregoing document was acknowledged before me this _____ day of
_____, 2018.
Signature of Notary Public _____

My Commission Expires _____

No. 18-3404

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

SHIRLEY GARRETT-WEBSTER
*Plaintiff–Appellant,*

v.

CARLOTTA GORDON or LOWE
DAVID GAMBILL
WASHINGTON COUNTY
*Defendants – Appellees.*

## OPENING BRIEF

MEMORANDUM OF LAW IN SUPPORT OF CASE # **xxx** FOR SHIRLEY GARRETT

~~Carlotta Gordon or Lowe and David Gambill were working in concert along~~ with
Washington County to extort and defraud under Title 18 USC § 101 01-1904.

Under 18 USC Section 101 01-19-04 Title 18 Crimes and Punishment of Criminal Part 1
of Chapter 47 Fraud and False Statement of Section 1001 Statement of Entry of generally
as otherwise provided in section where ever in any matter within jurisdiction of
executive, legislative or judicial branch of the government of the United States
knowingly and willingly falsified conceal of cover-up by any trick.

### CAUSE OF ACTION

Action # 1
In Case # 469 in Washington County: Carlotta Lowe, David Gambill and Washington
County extorted Shirley Garrett and Delmar Garrett by awarding said property on
Highway 75.

Action # 2
Working in concert with James Vaclaw, Rick Silver, Rick Esser, Brian Huddleston and
Washington County, they succeeded in extortion of 2.5 million dollars with the contents
of the house being in excess of 25 million dollars.

Action # 3

DISTRICT COURT
WASHINGTON COUNTY, OK
FILED

## United States District Court for the Northern District of Arkansas

| | | |
|---|---|---|
| Shirley D Garrett | ) | |
|     Aka Shirley D Webster | ) | 2018 OCT 22 PM 2 29 |
| Dwayne Garrett | ) | |
|     PLAINTIFFS | ) | JILL L. SPITZER |
| | ) | COURT CLERK |
| Vs. | ) | Case # CJ-2017-239 _____ DEPUTY |
| | ) | |
| Carlotta Lowe | ) | |
|     Aka Carlotta Gordan | ) | |
| Brian Gordan | ) | |
| James Vaclaw | ) | |
| David Gambill | ) | |
| Johnny Akers | ) | |
| Rick Esser | ) | |
| Mike Dunlap | ) | |
|     DEFENDANTS | ) | |

Objection - Defendants Notice of Filing Notice of Removal in Case CJ-2017-239 under the Authority of 28 USC Section 1446(b). Petition brought 18 USC Section 3 Title Crimes and Criminal Procedures of Part 1 of General Provisions of Section 3. *in New case - 514 LV 5786*

Mary Fallon et al and Timothy Tymkovech et al, James Vaclaw, David Gambill, Johnny Akers, Rick Esser and Mike Dunlap are part of the Petition of Case 11-5012 of the Supreme Court. They are listed as criminals working out of the color of law.

They have been served in case # 312, which has the same standards. The subject matter jurisdictions in that case have no facts or findings established. Mr. Esser, Mr. Vaclaw and Mr. Akers have a conflict of interest. They were working in concert to steal 2.5 million dollars plus. Exhibit A has ~~300,000~~ worth of merchandise is still missing, which I hope they enjoyed. *# 721,392, 8 0 0*

*Shirley Garrett*    Date *10-22-2018*
Shirley Garrett

*Dwayne*    Date *10-22-2018*
Dwayne Garrett

State of _____
County of _____
The foregoing document was acknowledged before me this _____ day of
_____, 20_____.

Signature of Notary Public _____
My Commission Expires _____

DISTRICT COURT
WASHINGTON COUNTY

In the District Court of Washington County
State of Oklahoma

2018 OCT 5 PM 3 58

JILL L. SPITZER
COURT CLERK

Carlotta Gordon
Brian Gordon
    PLAINTIFFS

Vs.                                    BY _____ ) DEPUTY      Case # CJ-2017-239
                                                  )
Shirley Dionne Garrett                            )
Also known as Shirley Garrett and/or              )
Shirley D. Webster                                )
And                                               )
Dwayne M. Garrett                                 )
    DEFENDANTS                                     )

---

Objection in Case # CJ-2017-239

---

This case has been removed on August 25th, 2018 to Case # 18-5186. This is an uncandid
hearing that should not have happened. This is in violation of 28 USC 753.


_Dwayne Garrett signature_                 Date 10/5/2018
Dwayne Garrett


_Shirley Webster-Garrett signature_        Date 10/5/2018
Shirley Webster-Garrett


State of _Oklahoma_

County of _Nowata_

The foregoing document was acknowledged before me this ___5th___ day of

_October_, 20_18_.

Signature of Notary Public _Linda Carter_
My Commission Expires _02-19-2019_

LINDA CARTER
NOTARY PUBLIC
No. 15001697
EXP. 2/19/2019
STATE OF OKLAHOMA
IN AND FOR

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No: 18-3267

Dwayne M. Garrett and Shirley Garrett

Appellants

v.

Mary Fallon, et al.

Appellees

---

Appeal from U.S. District Court for the Western District of Arkansas - Fayetteville
(5:18-cv-05172-PKH)

---

MANDATE

In accordance with the opinion and judgment of 06/20/2019, and pursuant to the

provisions of Federal Rule of Appellate Procedure 41(a), the formal mandate is hereby issued in

the above-styled matter.

July 17, 2019

Clerk, U.S. Court of Appeals, Eighth Circuit

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

DWAYNE GARRETT AND SHIRLEY GARRETT,

           Plaintiff,

v.

MARY FALLIN, LEXIE P. NORWOOD, GARY JONES, and MICHAEL E. HOROWITZ,

           Defendants.

Case No.: 18-cv-5172-PKH

## DEFENDANT MARY FALLIN'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant, Governor Mary Fallin[1], by and through Assistant Attorney General Lexie P. Norwood, hereby respectfully requests that this Honorable Court dismiss Plaintiff's Complaint [Doc. 1] pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6). In support thereof, Governor Fallin submits the following brief in support.

---

[1] Mary Fallin is the Governor of the State of Oklahoma. Although Plaintiffs' Complaint spells her name as Mary Fallon, the correct spelling is Mary Fallin, and that spelling is reflected throughout this brief.

IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH COURT OF APPEALS

Surjey D. Webster and Dewayne M. Sarred

Plaintiff / Appellants

versus

Lotus Investment Funds Inc. LLC and All

Defendants / Appellee

## Table of Contents

Certificate of interested persons   .   .   .   .   .   .   .   2

Statement regarding oral argument   .   .   .   .   .   .   2

Statement of Jurisdiction   .   .   .   .   .   .   .   '   .   2

Table of authorities   .   .   .   .   .   .   .   .   .   3,4

Statement of the Case .   .   .   .   .   .   .   .   .   5-12

Statement of Facts Relevant to the Issues Presented for Review   .   .   .   13-20

Statement of the Issues .   .   .   .   .   .   .   .   20, 21

Argument and Authorities in support of issues   .   .   .   .   .   .   21-26

(1).   Greg Frizzel wanted subject matter jurisdiction to dismiss Shirley D. Webster's racketeering suit against corrupt business organizations to which Frizzel belongs. Frizzel's presuming jurisdiction to be judge of a cause where Frizzel confessed being a member in good standing of the businesses which were named as respondents violates The Code of Conduct for United States Judges.

(2).   The contumacious Frizell contravened the rule making authority of The United States Supreme Court and circumvented the Federal Rules of Civil Procedure to handle matters in the court below extra-judicially, extra-legally and non-judicially in a forum cognizable only as *coram non judice*

Remedy sought   .   .   .   .   .   .   .   .   26,27

Certificate of mailing   .   .   .   .   .   .   .   .   27

Certificate of interested persons 10th Circuit Rule 28.2.1

Appellant Shirley D. Webster, identify the following persons, associations of persons, partnerships,

Corporations, affiliates, parent corporations, guarantors, insurers, parent or subsidy corporations, or

other legal entities who or which may have a financial interest in the outcome of this litigation:

Shirley D. Webster; plaintiff / appellant,

Lotus Investment Funds Inc, LLC and All; defendants / appellees.

Statement regarding oral argument 10th Circuit Rule 28.2.4

Oral argument is not requested by Shirley D. Webster. Oral argument would not materially benefit this court in making its determinations. Shirley D. Webster and Dewayne M. Garrett rely on the record made in the underlying case. No amount of oral argument could alter the clear face of the record.

Statement of Jurisdiction Federal Rules of Appellate Procedure 28(a)(4)

This district court's jurisdiction of the action was 18 USC 241. This appellate court has subject matter jurisdiction to hear this cause under authority of 28 USC 1291.

Table of Authorities

Attick v. Valeria Associates, L.P., S.D.N.Y. 1992, 835 F. Supp. 103.                          22

Avirgan v. Hull, C.A. 11 (Fla.) 1991, 932 F.2d 1572                                          22

Babst v. Morgan Keegan & Co. E.D. La. 1988, 687 F.Supp. 255.                               25

Buck Creek Coal, Inc. v. United Workers of America, S.D. Ind. 1995, 917 F.Supp. 601          25

Code of Conduct for United States Judges                                                    21

Compagnie de Reassuarance D'Ile de France v. New England Reinsurance Corp.
        D. Mass. 1993, 825 F.Supp. 370                                                      24

Florida Dept. Ins. V. Debenture Guar. M.D. Fla. 1996, 921 F.Supp. 750                       24

Frank E. Basil, Inc. v. Leidesdorf, N.D. Ill. 1989, 713 F. Supp. 1194                       26

Gitterman v. Vitoulis S.D. N.Y. 1982, 564 F. Supp. 46                                       24

Grand Cent. Sanitation, Inc. v. First Nat. Bank of Palmerton, M.D.Pa. 1992
        816 F.Supp 299                                                                      24

Guiliano v. Everything Yogurt, Inc. E.D.N.Y. 1993, 819 F. Supp. 626                         25

Hecht v. Commerce Clearing House, Inc. C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100
        A.L.R. Fed. 655                                                                     22

In re American Honda Motor Co., Inc. Dealership Relations Litigation,

D.Md. 1996, 941 F.Supp. 528                                                                          23

*In re Crazy Eddie Securities Litigation*, E.D.N.Y. 1990, 747 F. Supp. 850.        26

*In re Phar-Mor, Inc. Securities Litigation*, W.D. Pa. 1994, 900 F.Supp. 777.      25

*In re Sahlen & Associates, Inc. Securities Litigation*, S.D. Fla. 1991, 773 F.Supp. 342        25

*Jordan v. Herman*, F.D. Pa. 1992, 792 F. Supp. 380                                 23

*Khurana v. Innovative Heath Care Systems, Inc.*, C.A. 5(LA.) 1997, 130 F.3d 143,
        Vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397,
        on remand 164 F. 3d 900                                                    23

*Liquid Air Corp. v. Rogers* C.A. 7(Ill.) 1987, 834 F.2d 1297                       25

*Miller v. Affiliated Financial Corp.* N.D. Ill. 1984, 600F.Supp. 987              24

*Minpeco, S.A. v. Hunt*, S.D.N.Y. 1989, 718 f.Supp. 168                             24

*Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684        23

*O'Rourke v. Crosley*, D.N.J. 1994, 847 F.Supp. 1208.                               26

*Poeter v. Shearson Lehman Bros. Inc.* S.D. Tex. 1992, 802 F.Supp. 41              25

*Polletier v. Zweifel*, C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901,
        Certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131               23

*Protter v. Nathan's Famous Systems, Inc.* E.D.N.Y.  1995, 904 F.Supp. 101         23

*Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993,828 F.Supp.287     24

*Randolph County Federal Sav. & Loan Assoc. v. Sutliffe* S.D. Ohio 1991, 775 F.Supp. 1113        24

*Red Ball Interior Demolition Corp. v. Palmadessa*, S.D.N.Y. 1995, 908 F.Supp. 1226        23

*Standard Chlorine of Delaware, Inc. v. Sinibaldi*, D.Del. 1992, 821 F.Supp. 232   22

*U.S. v. Gigante*, D.N.J. 1990, 737 F.Supp 292                                      25

*Venzor v. Gonzalez*, N.D. Ill. 1996, 936 F.Supp. 445                               24

*Yancoski v. E.F. Hutton & Co. Inc.* F.D. Pa. 1983, 581 F.Supp. 88                  24

*Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, C.A.D.C.
1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied
111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007                                    22

(1)  Objection to Huddleston's Brief for Lotus LLC on October 5, 2017
Working out of the color of the law.

(2)  Objection for the Attorney Generals Brief for J.Rapp, J. Goodman, Joan Fisher, June Wiseman,
and D.B. Barns
Working out of the color of the law.

## STATEMENT OF THE CASE AND SUMMARY OF THE RECORD

This case involves a title dispute concerning a forty (40) acre tract of land located in Washington

County, Oklahoma. This case arises out of a divorce between Appellant/Petitioner, Dwayne Garrett and

Carlotta Gordon aka Carlotta Lowe. Appellant/Petitioner, Dwayne Garrett and Carlotta Gordon aka

Carlotta Lowe, hereinafter referred to as "Carlotta" were married in Las Vegas, Nevada in 1990. Their

marriage was dissolved in 1996. That upon information and belief, Carlotta never divorced her prior

husband, James Lowe before marring Appellant/Petitioner Dwayne Garrett. That at no time during the

marriage or at the marital property settlement which followed the divorce by ten (10) years.er, Dwayne

Garrett has no ownership or interest in the subject property. That in 2006, Carlotta, the presumptive

wife, returns to court for marital property settlement whereupon the court awards her marital property

according to a divorce decree that in neither 1999 or 2006 belonged to Dwayne Garrett, in fact, the

subject property belonged to Delmar and Shirley Garrett, the father and aunt of Dwayne Garrett who

purchased the property in 1994 and didn't convey the property to Dwayne Garrett until 2014. That

based on the divorce decree and the court order the Sheriff sale was held in May of 2014 to sell the

property and distribute the proceeds between the parties. That the property was sold at said Sheriffs

sale for approximately $150,000 to Lotus Investment Fund 1, LLC whose managing member is Brian

SAME – Though void ab initio, nullity of plural marriage properly ascertained and declared by court. A marriage that is void ab initio does not require the decree or judgment of a court to make the marriage void and to restore the parties to their original rights; yet it is expedient for the good order of society the nullity of such a marriage be ascertained, and declared by a court of competent jurisdiction.

DIVORCE – Scope of legislative provision for ascertaining and declaring nullity of plural marriages – Application of divorce procedure. The Legislature of Oklahoma has the power to provide for the ascertaining and declaring the nullity of a plural marriage, and in so doing may apply the divorce procedure thereto; but in so doing the Legislature has not attempted to invest the parties with any of the rights and privileges incident to the dissolution of a valid marriage.

SAME – Status of parties to void marriage – Adjustment of property rights between themselves – Court without power incident to divorce actions. Parties to a void marriage who, during the period thereof, have acquired property are to be treated as quasi-partners with respect thereto, and are free to adjust between themselves these property rights, and the courts are without power to adjust these property rights on the basis of powers incident to the dissolution of a valid marital relation.

SAME – In action to determine nullity of marriage court could not set aside contract of parties settling property rights and attorney's fee and adjust such rights and award attorney's fee as in divorce action. Where the parties to a void marriage have, after the filing of an action to determine its nullity, entered into a contract settling their property rights and have included therein provisions relating to an attorney's fee, the court is without authority to set the contract aside and attempt to adjust property rights and award an attorney's fee under the power granted a court in divorce relating to a valid marriage, and can only set aside the contract on recognized grounds relating to contracts in general.

*WHITNEY v. WHITNEY*, 1942 OK 268 134 P.2d 357

Additionally, at no time during the marriage or at the marital property settlement which followed the divorce by ten (10) years did Appellant/Petitioner, Dwayne Garrett have any ownership or interest in the subject property. It is well established in Oklahoma that the first step in dividing property in a divorce is to separate property into categories: marital and separate property. Separate property is that which was acquired before the marriage, inherited, or received as a personal gift. Marital property is everything else acquired during the marriage, without regard to whose name is on the title. The only times the court may order the payment of separate property to the other party is to help with childcare costs or if one spouse has very little income potential compared to the other. Here Dwayne Garrett did not own the property during the time of the presumptive marriage or divorce, therefore the property in question would be considered separate property. Oklahoma Code 43.121 B. states that the court shall enter its decree confirming in each spouse the property owned by him or her before marriage and the undisposed of property acquired after marriage by him or her in his or her own right. Here Dwayne Garrett's undisposed of property acquired after marriage was wrongly taken before he received the property. Therefore, this matter should be remanded to the Northern District State of Oklahoma marital property issue and marriage issue.

## CONCLUSION AND PRAYER

For each of the foregoing reasons, this Court should reverse the United States District Court for the Northern District State of Oklahoma granting Appellee's Motion for Summary Judgment Case # 17-CV-00312-GKF-MJX and remand the case to the United States District Court for the Northern District State of Oklahoma as this property belongs to me Shirley D. Webster.

## STATEMENT OF FACTS

1.  My nephew – Dwayne M. Garrett on December 26, 1990 engaged a marriage with Carlotta Gordon which was fraud, her name was Carlotta Lowe. This is called bigamy, and nothing more than a ceremonial marriage.

2.  In the Case No: 1994-469, Carlotta Garrett to file a divorce against my nephew Dwayne M. Garrett, which was fraud upon the court. She filed a falsified document while being engaged to James Lowe. Marriage records 1826, marriage 50B on the 12th day June 1987, she approached my nephew in January 1988.

3.  A journal of entry of judgement and decree of divorce was granted December 13, 1995.

4.  Carlotta fraudulently filed a divorce while she was still married to James Lowe. She committed fraud upon the court by bringing a petition of divorce 671 times, which every document that was filed was a felony.

5.  She approached the court for a divorce in September 6, 2006. This was a second divorce she filed against my nephew Dwayne M. Garrett, using the name Carlotta Garrett which was fraud upon the court. This is Double Jeopardy which is a felony, there is 197 counts of fraud upon the court.

6.  Carlotta Lowe also known as Carlotta Garrett and Carlotta Gordon, committed a crime with the court to commit fraud against my brother Delmer B. Garrett.

7.  Journal entry of judgement final decree for dissolution of marriage by default, you cannot have a divorce and still be married to someone else without committing a crime. It is a felony when you are not married to that person it is called fraud upon the court. You cannot bring a 3rd party that had no interest in the case, this is fraud. United States Supreme Court decision in *Taylor V. Sturgill 553 U.S. 880 (2008)*. This document of 30th day of January 2006 was never declined or served it was under pretrial

This document of 30th day of January 2006 was never declined or served it was under pretrial

conference. This document was in another county. Delmer B. Garrett was never a part of this action.

8.  This action was to seize the property that was owned by Delmer B. Garrett and Shirley D. Garrett.

The property was transferred on the 2nd day of June 2004. The Court entered a judgement against

Delmer B. Garrett which they had no jurisdiction which was fraud (18 USC 241)

9.  They exercised to have a sheriff sale in 2014, along with the Sheriff, Rick Silver, Brian Huddleston and

Brian Gordon to execute the sheriff sale on behalf of Carlotta Lowe. Carlotta Lowe has no interest in the

property. She filed under Carlotta Garrett which was fraud.

10.  All the property was stolen by fraud. At the sheriff sale property was worth 2.5 million dollars. In

Exhibit A nothing was returned, the 5 horses, truck, boat and motors, and all artifacts in the house plus

personal items stolen. Washington County destroyed deeds out of the Court House.

11.  5105 is the same case number Rick Esser used in 2009, is that a coincidence?


Shirley Dionne Garrett
Also known as Shirley Garrett
And/or Shirley D. Webster
HC 61 Box 217
Lenapah, Oklahoma 74042


And


Dwayne M. Garrett
385241 W. 3000 Road
Ochelata, Oklahoma 74051

**ARGUMENT**

That Carlotta Gordon Enjoyed a marriage with James Lowe. That based on information and belief Carlotta Gordon never divorced James Lowe before marrying Appellant/Petitioner, Dwayne Garrett. Therefore, no marital property interest would have been created in Carlotta Gordon had Dwayne Garrett had a property interest in the subject 40 acres property. That the subject 40-acre property was not deeded to Appellant/Petitioner. That on August 31, 2006 Washington County Court rules that Dwayne Garrett......" does not now, nor has he ever had, an interest in the real property described in the Notice of Lis Pendens" filed on January 5, 1998 by presumptive wife, Carlotta Gordon. Additionally, the Quiet Title Action CS-2009-925 on November 23, 2009, Carlotta Gordon, the only party to contest claim to title, filed a counter claim for partition of property, alleging only a single legal theory: the default divorce decree precluded the claim to title under doctrines of res judicata and collateral estoppel. As to Carlotta Gordon's counterclaim was heard on September 9, 2010 and continued to December 2, 2010. Gordon introduced no exhibits other than the default divorce decree and its affirmance on appeal. The Court heard no evidence.

As to Oklahoma, Carlotta Gordon is not entitled to property division due to her continuing marriage to James Lowe. As cited in *WHITNEY v. WHITNEY,* 1942 OK 268 134 P.2d 357 192 Okla. 174; Case Number: 30618; Decided: 06/30/1942; Supreme Court of Oklahoma.

According to *Whitney v. Whitney:*

MARRIAGE – Plural marriages void and do not confer any rights or privileges of valid marriage. Plural marriages are by article 1, & 2, Constitution of Oklahoma, forever prohibited, and are void ab initio, and such a marriage, whether ceremonial or common law, does not confer on either of the parties any of the rights or privileges of a valid marriage.

6

## STATEMENT OF FACTS

1. My nephew – Dwayne M. Garrett on December 26, 1990 engaged a marriage with Carlotta Gordon which was fraud, her name was Carlotta Lowe. This is called bigamy, and nothing more than a ceremonial marriage.

2. In the Case No: 1994-469, Carlotta Garrett to file a divorce against my nephew Dwayne M. Garrett, which was fraud upon the court. She filed a falsified document while being engaged to James Lowe. Marriage records 1826, marriage 50B on the 12th day June 1987, she approached my nephew in January 1988.

3. A journal of entry of judgement and decree of divorce was granted December 13, 1995.

4. Carlotta fraudulently filed a divorce while she was still married to James Lowe. She committed fraud upon the court by bringing a petition of divorce 671 times, which every document that was filed was a felony.

5. She approached the court for a divorce in September 6, 2006. This was a second divorce she filed against my nephew Dwayne M. Garrett, using the name Carlotta Garrett which was fraud upon the court. This is Double Jeopardy which is a felony, there is 197 counts of fraud upon the court.

6. Carlotta Lowe also known as Carlotta Garrett and Carlotta Gordon, committed a crime with the court to commit fraud against my brother Delmer B. Garrett.

7. Journal entry of judgement final decree for dissolution of marriage by default, you cannot have a divorce and still be married to someone else without committing a crime. It is a felony when you are not married to that person it is called fraud upon the court. You cannot bring a 3rd party that had no interest in the case, this is fraud. United States Supreme Court decision in *Taylor V. Sturgill 553 U.S. 880 (2008)*. This document of 30th day of January 2006 was never declined or served it was under pretrial

conference. This document was in another county. Delmer B. Garrett was never a part of this action.

8.  This action was to seize the property that was owned by Delmer B. Garrett and Shirley D. Garrett. The property was transferred on the 2nd day of June 2004. The Court entered a judgement against Delmer B. Garrett which they had no jurisdiction which was fraud (18 USC 241)

9.  They exercised to have a sheriff sale in 2014, along with the Sheriff, Rick Silver, Brian Huddleston and Brian Gordon to execute the sheriff sale on behalf of Carlotta Lowe. Carlotta Lowe has no interest in the property. She filed under Carlotta Garrett which was fraud.

10.  All the property was stolen by fraud. At the sheriff sale property was worth 2.5 million dollars. In Exhibit A nothing was returned, the 5 horses, truck, boat and motors, and all artifacts in the house plus personal items stolen. Washington County destroyed deeds out of the Court House.

Date: 10-19-2017

Shirley D. Webster
Shirley D. Webster

## Statement of Issues

Rick Essler and Washington County working in concert fixed felonious judgement to hire Carlotta

to execute. Carlotta did so by 87 times in the court system to murder my sister in law and my brother by

stress knowingly and willingly. Carlotta was not married to my nephew, she was married to James Lowe

with the evidence that I will present to you will prove that Carlotta Lowe was engaged with Rick Essler

and Washington County to commit murder by 87 times in the courts when she was still engaged in

marriage with James Lowe bring divorce suit against my nephew which is my brother's son. This will

prove that Washington County and Rick Silvers engaged in unlawful crimes by having the sheriffs' sale

and destroying deeds committed the crime against Delmer Garrett and Ruth Garrett which contributed

to their deaths, along with a car wreck, which we have no idea how this plays into it. Along with

Washington County and Bryan Huddleston to have a felonious sheriff's sale without due process. I

Shirley D. Webster which own the property, was never served.

Went to the Supreme Court twice, and both denied by J. Rapp, Joan Fisher, D.B. Barnes, J.

Goodman, and June Wiseman who working in concert under 18 USC 241 to burn the Constitution under

Article 1, 2, 5, 14, 15 by destroying 'Justice for All' and working out of the color of the law, they have

done away with checks and balances engaging in 18 USC 241 and committed crimes against humanity,

which stating into their briefs that Carlotta was married to Delmer B. Garrett, which contributes to

Delmer B. Garretts death, along with Lotus Investment Funds Inc., LLC and B. Gordon supplying the

money to contribute these crimes, working in concert.

Date: _____          _____

## Remedy Sought

It is inappropriate and in violation of the Code of Conduct for United States Judges and the Code of Conduct for Judicial Employees to have anything whatsoever to do with this appeal if a member of either the American Bar Association or the State Bar of Oklahoma. (2). The order of Frazell is facially void for violation of judicial canon. (3). Standard of review for summary judgment is *de novo*.

*De novo* review of the record made in the court below verifies that Shirley D. Webster and Dwayne M. Garrett stated a lawful claim under authority of 18 USC 1964(a) and supported their claim with affidavits which were not rebutted meaning exactly one thing and one thing only: Lotus Investment Funds Inc., LLC, Rick Esser, Carlotta Lowe or Gordon, Brian Huddleston, Brian Gordon, Rick Silver, J. Rapp, J. Goodman, Joan Fisher, June Wiseman, D.B. Barnes, Washington County; the American Bar Association, and the State Bar of Oklahoma in a sum of not less than twenty-four (24) million dollars and it is mandated by the rule of law that RICO enterprises the American Bar Association and the State Bar of Oklahoma shall be dissolved, never to afflict the citizens of Oklahoma and America with the bar's schemes of fraud and extortion again.

Prepared and submitted by: _____     _____

Dwayne M. Garrett                          Shirley D. Webster

## CERTIFICATE OF SERVICE

I Dwayne M. Garrett and Shirley D. Webster, certify that October ___29___, 2017, I mailed a true and correct copy of the above and foregoing appellant's opening brief via first class mail to:

-Lotus Investment Funds Inc, LLC
-Rick Esser
-Carlotta Lowe or Gordon
-Brian Huddleston
-Brian Gordon
-Rick Silver

Respectfully Submitted,

*Shirley Dionne Garrett*

Shirley Dionne Garrett
aka Shirley Garrett and/or
Shirley D. Webster
PO Box 217 HC 61
Lenapah, OK 74042

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of Appellant's Brief was mailed for filing to the Office of the Court Clerk of the ~~District Court of Washington County, Oklahoma~~ on the _____ day of _____ 2017

*10th Circuit Court, Denver, Colo,*

Signed in my presence by Shirley Dionne Garrett, October 31, 2017

*Ronda Carroll*



Notary Public Oklahoma
**OFFICIAL SEAL**
RONDA L. CARROLL
Nowata County
Comm. Expires 4-28-19
Comm. # 15009067

4:17-cv-00312-GKF-JFJ

Docket Entry #36


Shirley Dionne Garrett
HC 61 BOX 217
LENAPAH, OK 74042

--------------------------------------------------------------------------------

Attorneys:  Register now to receive notice by email of filings in your case.
Please visit the CM/ECF section on our website at http://www.oknd.uscourts.gov
to sign up.  You may also call the CM/ECF Help Desk at 918-699-4844
or call 866-213-1957 toll free.


CM/ECF sends notices to terminated parties or attorneys by default.
If you have been officially terminated from this case and do not wish
to receive any further notices in the case, please e-mail us at
CM-ECFIntake_OKND@oknd.uscourts.gov and provide us with:
    your name
    case number(s)
    party(s) you represented

the person from whom plaintiffs claim to have acquired an interest in the real property, Delmer Garrett, had no interest to convey. [Doc. #1, p. 30].

Plaintiffs cannot assert they were deprived of property in violation of their due process rights without collaterally attacking the state appellate court's judgment. Under the Rooker-Feldman doctrine, this court does not have jurisdiction to entertain such an attack.

Because the only plausible basis for federal jurisdiction in this case is barred by the Rooker-Feldman doctrine, the court concludes it has no basis for subject matter jurisdiction and the case must be dismissed. Having reached this conclusion, the court need not consider Huddleston's other arguments for dismissal. The court's conclusion that it lacks subject matter jurisdiction requires dismissal of plaintiffs' claims against all defendants.

Plaintiff Dewayne M. Garrett's claims must be dismissed for yet another reason. On multiple occasions this court has enjoined Mr. Garrett from proceeding as a plaintiff unless he is represented by a licensed attorney admitted to practice in this court, or unless he first complies with a pre-filing procedure, which includes permission to proceed *pro se*. *See Garrett v. Esser, et al.*, Case No. 03-CV-409-CVE-PJC (N.D. Okla. June 23, 2003); *Garrett v. State of Oklahoma, et al.*, Case No. 00-CV-195-JOE-FHM (N.D. Okla. Nov. 13, 2000). Mr. Garrett is not represented by an attorney in this case, and did not seek permission to proceed *pro se*. As a result, his claims are dismissed because he violated the court's filing restrictions.

WHEREFORE, defendant Brian Huddleston's Motion to Dismiss [Doc. #6] is granted. The case is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED this 4th day of October, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5

conference. This document was in another county. Delmer B. Garrett was never a part of this action.

8.  This action was to seize the property that was owned by Delmer B. Garrett and Shirley D. Garrett.

The property was transferred on the 2nd day of June 2004. The Court entered a judgement against

Delmer B. Garrett which they had no jurisdiction which was fraud (18 USC 241)

9.  They exercised to have a sheriff sale in 2014, along with the Sheriff, Rick Silver, Brian Huddleston and

Brian Gordon to execute the sheriff sale on behalf of Carlotta Lowe. Carlotta Lowe has no interest in the

property. She filed under Carlotta Garrett which was fraud.

10.  All the property was stolen by fraud. At the sheriff sale property was worth 2.5 million dollars. In

Exhibit A nothing was returned, the 5 horses, truck, boat and motors, and all artifacts in the house plus

personal items stolen. Washington County destroyed deeds out of the Court House.

Date: 10-19-2017

Shirley D. Webster

## Certificate of Mailing

I do hereby certify that on the ___*19*___ day of October 2017, I mailed a true and correct copy of the above *Opening Letter* to:


Brian Huddleston Law Offices
Brian Huddleston
4527 E 91ˢᵗ Street
Tulsa, Oklahoma 74137


The Law Center of Akers & Esser
Frederick S. Esser
401 S. Dewey, Suite 214
Bartlesville, Oklahoma 74003-3537


Collins, Zorn & Wagner
Jamie Whitson
429 NE 50ᵗʰ Street #2
Oklahoma City, Oklahoma 73105


BY: _____

Product Tracking & Reporting                                     Page 1 of 1

 **UNITED STATES POSTAL SERVICE**

Date: 10/27/2017

Dear Postal Customer:

The following is in response to your 10/27/2017 request for delivery information on your Priority Mail Express® item number EK18 6425 047U S. The delivery record shows that this item was delivered on 10/24/2017 at 11:25:09 AM in DENVER, CO 80202. The recipient's signature is not available because the waiver of signature that you authorized was exercised at the time of delivery.

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

*Desegration of Record: 10th Cir. R. 10.2*
*e-pelling Dry order 46.-II*

**STATEMENT OF FACTS**

1.  My nephew – Dwayne M. Garrett on December 26, 1990 engaged a marriage with Carlotta Gordon which was fraud, her name was Carlotta Lowe. This is called bigamy, and nothing more than a ceremonial marriage.

2.  In the Case No: 1994-469, Carlotta Garrett to file a divorce against my nephew Dwayne M. Garrett, which was fraud upon the court. She filed a falsified document while being engaged to James Lowe. Marriage records 1826, marriage 50B on the 12th day June 1987, she approached my nephew in January 1988.

3.  A journal of entry of judgement and decree of divorce was granted December 13, 1995.

4.  Carlotta fraudulently filed a divorce while she was still married to James Lowe. She committed fraud upon the court by bringing a petition of divorce 671 times, which every document that was filed was a felony.

5.  She approached the court for a divorce in September 6, 2006. This was a second divorce she filed against my nephew Dwayne M. Garrett, using the name Carlotta Garrett which was fraud upon the court. This is Double Jeopardy which is a felony, there is 197 counts of fraud upon the court.

6.  Carlotta Lowe also known as Carlotta Garrett and Carlotta Gordon, committed a crime with the court to commit fraud against my brother Delmer B. Garrett.

7.  Journal entry of judgement final decree for dissolution of marriage by default, you cannot have a divorce and still be married to someone else without committing a crime. It is a felony when you are not married to that person it is called fraud upon the court. You cannot bring a 3rd party that had no interest in the case, this is fraud. United States Supreme Court decision in *Taylor V. Sturgill 553 U.S. 880 (2008)*. This document of 30th day of January 2006 was never declined or served it was under pretrial

conference. This document was in another county. Delmer B. Garrett was never a part of this action.

8.   This action was to seize the property that was owned by Delmer B. Garrett and Shirley D. Garrett.

The property was transferred on the 2nd day of June 2004. The Court entered a judgement against

Delmer B. Garrett which they had no jurisdiction which was fraud (18 USC 241)

9.   They exercised to have a sheriff sale in 2014, along with the Sheriff, Rick Silver, Brian Huddleston and

Brian Gordon to execute the sheriff sale on behalf of Carlotta Lowe. Carlotta Lowe has no interest in the

property. She filed under Carlotta Garrett which was fraud.

10.   All the property was stolen by fraud. At the sheriff sale property was worth 2.5 million dollars. In

Exhibit A nothing was returned, the 5 horses, truck, boat and motors, and all artifacts in the house plus

personal items stolen. Washington County destroyed deeds out of the Court House.

Date: 10-19-2017

Shirley D. Webster
Shirley D. Webster

SECOND:    In payment to the party incurring such cost, any costs of sale advanced by such party, including appraisers' fees, advertising costs and sheriff's expenses: Carlotta Gordon $273.70.

THIRD:    Counsel fees to Brian R. Huddleston, Huddleston Law Offices, in the amount of $8,500.00, payable from Defendant Carlotta Gordon's one-half interest in the net sales proceeds.

FOURTH:    That the remaining proceeds be paid to the Clerk of this Court for apportionment between the parties equally, and that:

a) That $ 66,863.49 , such amount being Defendant Carlotta Gordon's one-half interest in the net sale proceeds, shall be paid to Defendant Carlotta Gordon; and

b) That $ 75,363.50 , such amount being Plaintiff's one-half interest in the net sale proceeds, shall be held in the Registry of the Court pending determination of whether all or a portion of said amount should be paid to the Estate of Delmer Byrl Garrett, deceased, or other interested persons or parties establishing their interest, if any, to said net sale proceeds.

_____
JUDGE OF THE DISTRICT COURT

APPROVED:

_____
Brian R. Huddleston, OBA # 13295
Huddleston Law Offices
4527 East 91st Street
Tulsa, OK 74137
918-928-7717
Fax: 918-477-2075
Attorney for Carlotta Gordon



Property of D. Girette
                    Sandy W.

Back storage and

2

1  ① Den – antique wood stove
2  ① trophies saddles belonging
to various celebreties
3  ① Oil Painting of Henry Wells
4  Various own paintings
6  1 table and chair (5) – wood
7  5 piece leather couch set
8  2 Recliner chairs
9  1 ~~sprted~~ couch hidabed – 1 coffee table
10 3 flared rugs
11 2 Cow hides (rugs)
12 1 freezer full of food.

Outside
1  16 foot utility trailer
2  1  18 ft Boat & motor
3  1 Box Blade – 5 foot.
4  2 table saws
5  2 tile saws
6  2 eco chain saws
7  2 lawn riding mowers (Dixon & John Deer)
8  1 gas powered electric generator
9  1 gas  "  water pump –
10 2 cut off saws (electric)
11 1 gas powered cut off saw
12 3 electric power drills
13 2 more electric cut off saws (saber)
14 2 hydrolic ~~floor~~ jacks (still in Box)
X Maney Boxes of documents and
important papers from the Federal Govern
15 2 air compressors and 1 – 1½ T air cond.
16 5 TV's – color & Flat screen all thru the window
house.
(Over)

SW

Oct 8 - 2015

Attorney

Steven, Hickman,

This Document was taken out of the court House in B'ville, Enclose is the original. I've had it in my file.

I've been Served the Petition For the Quiet Title; Its enclosed, Case # CV-2015-213. and has been recorded.

Shirley Webster

I'm enclosing a copy of Steven Jones. Execution of sale of property of Home that is covered by Homestead Exemption for the Garrett estate C-FD-94-469.

| | |
|---|---|
| $279.00 | 1 Ecco 18" chainsaw |
| $250.00 | all bedding etc. |
| $387.00 | 3 fireplace electric heaters (Amish) |
| $1,249.00 | stainless steel kitchen stove |
| $350.00 | dishwasher - automatic |
| $550.00 | bottle & cutting torch |
| $600.00 | 2 air compressors @ 300.00 |
| $540.00 | 1 one & one-half ton window heat & air conditioner unit |
| $500.00 | all fishing equipment |
| $1,200.00 | boxes of tools (carpentry) under the carport |
| $5,000.00 | 5 head of AQHA registered horses |
| $500.00 | 1 gas powered electric generator |
| $350.00 | 1 gas powered water pump |
| $275.00 | 1 battery charger |
| $1,250.00 | 1 riding lawn mower |
| $1,500.00 | 1 John Deere riding lawn mower |

Total

$78,421.00

$20,290.00    Ruth Garrett paid settlement from the first divorce on May 3, 1998

Damaged, but returned

| | |
|---|---|
| $6,500.00 | antique secretary (grandmother's) |
| $1,250.00 | 1 antique marble top table - 200 years old |
| $3,500.00 | 1 player piano - music rolls (4) |
| $400.00 | 1 small box of broken dishes - Lenox china |

Total   300,00    2 antique chests

12,150,00

Office Fees

| | |
|---|---|
| $13,281.82 | Legal fees - all until April 1 - 15 |
| $250.00 | Storage truck rental (one month I paid) |
| $1,000.00 | Labor unloading storage trucks |
| $1,000.00 | Secretary & office charges for me |

Total

$15,531.82

320,000.00   Land & House
40 Acres @ 8,000. per acre
House & barns 3300 square feet

Total 595,000.00

Grand Total
472,392.82

Sw

Oct 8 - 2015

Attorney
Steven Hickman,
    This document was taken out
of the court House in B'ville, Enclosed
is the original. I've had it in my
file.
    I've been served the Petition
For the Quiet Title. Its enclosed,
Case # CV-2015-213. and has been recorded.

Shirley Webster

I'm enclosing a copy of
Steven Jones. Execution of sale of
Property of Home that is covered by
Homestead Exemption for the Garrett
estate C-FD-94-469.

Sw

Oct 8 - 2015

Attorney
Steven, Hickman,
        This Document was taken out
of the Court House in B'ville. Enclosed
is the original. I've had it in my
file.
        I've been served the Petition
for the Quiet Title. It's enclosed,
Case # CJ-2015-213. and has been recorded,

Shirley Webster

        I'm enclosing a copy of
Steven Jones. Execution of sale of
Property of Home that is covered by
Homestead Exemption for the Garrett
estate. C-70-94-469.

Oct 13-2015

To whom it my concern:
Second Divorce - 2006

Dewayne Garrett was never served with
e enclosed order setting Pretrail Conferences
e found out about it on the computer. At
at time he objected to it because he did
at Know where to go. (See document).

2. His name was never on any deed re-
lating to the Property.

3. enclosed is a copy of Divorce #1 and #2
Number #1 was in Washington Co, also a
opy of the settlement. Dewayne never saw Carlotta
undamyther Divorce #1 or #2. Divorce was in
? sage Co. She has always resided in Washington
? ounty.

4. I, Shirley Garrett Webster was never
served any of the above documents nor
was my brother Delmer B Garrett.

I'm sending this because I'm not sure
what is of record or was of record.

Sincerely,

Shirley Garrett
Webster

2nd Divorce
2006

She lived in
washington Co

(N11)   (10N)   (N N)   84
Oct 13 - 2015

(N 15)

To Whom it my concern:
Second Divorce - 2006

1. Dewayne Garrett was never served with
the enclosed order setting Pretrial Conferences.
He found out about it on the computer. At
that time he objected to it because he did
not know where to go. (See document).

2. His name was never on any deed re-
lating to the Property.

3. enclosed is a copy of Divorce #1 and #2.
Number #1 was in Washington Co, also a
copy of the settlement. Dewayne never saw Carlotta
Daughter Divorce #1 or #2. Dewayne was in
Osage Co. She has always resided in Washington
County.

4. I, Shirley Garrett Webster was never
served any of the above documents nor
was My brother Delmer B Garrett.
I'm sending this because I'm not sure
what is of record or was of record.

Sincerely,

Shirley Garrett
Webster

2nd Divorce
2006

She lived in ___ ?

N11  N10  N8  7N  N15

SW

Oct 8 - 2015

Attorney

Steven Hickman,

This Document was taken out of the Court House in B'ville. Enclosed is the original. I've had it in my file.

I've been served the Petition for the Quiet Title; Its enclosed, Case # CV-2015-213. and has been recorded.

Shirley Webster

I'm enclosing a copy of Steven Jones. Execution of sale of property of Home that is covered by Homestead Exemption for the Barrett estate C-FD-94-469.

N11 N10 N7 N8
N5   Oct 13-2015

To whom it my concern:
Second Divorce - 2006

1. Dewayne Garrett was never served with
enclosed order setting Pretrail Conference.
He found out about it on the computor, at
that time he objected to it because he did
not know where to go. (See document).

2. His name was never on any deed re-
lating to the Property.

3. Enclosed is a copy of Divorce #1 and #2
Number #1 was in Washington Co, also a
copy of the settlement. He (Dewayne) never saw Carlotta
documents after Divorce #1 or #2. Divorce was in
Washington Co. She has always resided in Washington
County

4. I, Shirley Garrett Webster was never
served any of the above documents nor
was My brother Delmer B Garrett.
I'm sending this because I'm not sure
what is of record or was of record.

Sincerely,

Shirley Garrett
Webster

2nd Divorce
2006
She lived in

Order

1st
  J. Durone
2 Warrent Deal
    5 HE reser marriage
  Marriage of Darnes Lowe
3 Marriage of Darnes Lowe

#4 #15

30                    Marriage Record No. 50-B

Receipt No. 8826
Seal No. 106 (1994) 7031

APPLICATION FOR MARRIAGE LICENSE

STATE OF OKLAHOMA, COUNTY OF OTTAWA, ss                                    IN DISTRICT COURT

We the undersigned, hereby apply for the issuance of a Marriage License and certify as to our ages and places of residence as follows:

Name _____ James Carwin Lowe _____ Age __34__ Race __W__
of _____ Ramona _____ County of __Washington__ State of __Okla__
Name __Miss Carlotta Colene Gordon__ Age __26__ Race __W__
of _____ Ramona _____ County of __Washington__ State of __Okla__
and for the purpose of procuring same, we do solemnly swear that the names, ages and places of residence as set out above are true and correct, as evidenced by documents described in particular as follows;                        Date              Date
(First Party) D.L. ☑ -B.C. ☐ -OTHER ☐ __8m.__ 6-8-63  (Second Party) D.L. ☑ -B.C. ☐ -OTHER ☐ __8m.__ 6-18-60
and that we are not disqualified or incapable under the law of entering into the marriage relation, nor are we related to each other within the degree prohibited by law.
X James Carwin Lowe _____ Applicant        X Carlotta Colene Gordon _____ Applicant
Subscribed and sworn to me this __12th__ day of __June__ _____ A.D. 19 __87__
_____ District Judge _____ OR _____ EARL GONCE, Court Clerk
                                By _____ Earl Gonce _____ Deputy

NOTE — In event one or both of the parties to be married are under age, such application shall have been on file in the Court Clerk's office for a period of not less than three days, prior to the issuance of the license.

Consent Affidavit — In-Person (1)

I, the undersigned, state that I am the _____ of _____ named in the above application as being
of the age of _____ years, and in the presence of the issuing official, I do hereby consent to _____ marriage to
In the presence of _____ Signed this _____ day of _____ 19 _____ Signature
EARL GONCE, Court Clerk
By _____ Deputy   OR _____ District Judge

Consent Affidavit — In Person (2)

I, the undersigned, state that I am the _____ of _____ named in the above application as being
of the age of _____ years, and in the presence of the issuing official, I do hereby consent to _____ marriage to
In the presence of _____ Signed this _____ day of _____ 19 _____ Signature
EARL GONCE, Court Clerk
By _____ Deputy _____ OR _____ District Judge

MARRIAGE LICENSE

STATE OF OKLAHOMA, COUNTY OF OTTAWA, ss                                    IN DISTRICT COURT

TO ANY PERSON AUTHORIZED TO PERFORM OR SOLEMNIZE THE MARRIAGE CEREMONY — GREETINGS:

You are hereby authorized, upon delivery of this marriage license within ten days from the date of its issue to you, to join in marriage
Mr. __James Carwin Lowe__ of _____ Ramona
County of __Washington__, State of __Ok.__ Age __34__ years, and
M __iss. Carlotta Colene Gordon__ of _____ Ramona
County of __Washington__, State of __Ok.__ Age __26__ years, and
by the command of the statute you shall make due return of this license to my office within five days succeeding the performance of the marriage herein authorized,
issued under my hand and official seal, and recorded in my Marriage Record Book for delivery , at Miami, Oklahoma, this __12th__ day of __June__, 19 __87__
                                                    EARL GONCE, Court Clerk
(SEAL) _____ By _____ Earl Gonce _____ Deputy

ENDORSEMENT

By this endorsement to the within and foregoing Marriage License, I hereby certify, and truly certify, that the Application for said License was accompanied by proper credentials under the circumstance indicated by the word "filled" opposite one or more of the applicable provisions of Statute indicated below:
_____ (1)  Physician's and laboratory technician's statements required by statute, relative to the examination and health of either or both parties.
_____ (2)  An order of the District Judge, with memoranda of reasons for the order dispensing with statutory requirements relative to the examination and health of either or both parties.
_____ (3)  An order of the District Judge, with accompanying memoranda of reasons for the order, extending the 30 day period following the examination to 90 days or less, together with papers complying with the requirements of number (1) above.
_____ (4)  Affidavit of consent to marriage of an underage person by parent or guardian, in lieu of personal appearance as provided by Statute (43 O. S. 1961 § 3).
_____ (5)  Affidavits of consent to marriage of an underage person by parent or guardian, residing in another county of this State or outside the State and acknowledged as provided by Statute (43 O.S. Supp. 1963 § 3).
_____ (6)  Affidavit of three persons authorizing marriage of an underage person when parents are deceased or otherwise incapable of giving consent, Statute 43 O.S. 1971 § 3.
Credentials indicated above filed on this __12th__ day of __June__ A.D., 19 __87__ , and thereafter said license delivered according to Law.
                                                    EARL GONCE, Court Clerk
(SEAL) _____ By _____ Earl Gonce _____ Deputy

STATE OF OKLAHOMA, COUNTY OF OTTAWA, ss                                    CERTIFICATE OF MARRIAGE

I, __Rev. Carl H. Pollard__ __Minister__ __Baptist__
    NAME              OFFICIAL DESIGNATION        CHURCH OR CONGREGATION
of __Miami__ in Ottawa County, State of Oklahoma, do hereby certify that I joined in marriage the persons named in and authorized by this
license to be married on the __12th__ day of __June__ A.D. 19 __87__ at __Miami__ Ottawa County, State of Oklahoma, in the
presence of __LaVern Harris__ of __Miami , Ok.__
and __Patricia Jones__ of __Miami , Ok.__
My credentials of authority are recorded in Minister's                        Carl H. Pollard
Credentials _____ Book _____ 5 _____                      (PERSON PERFORMING CEREMONY)
at page __126__ of __Ottawa__ County.                        Baptist Minister
Oklahoma.                                                        (OFFICIAL DESIGNATION)

## General Warranty Deed

THIS INDENTURE, Made this 2nd day of June, 2004, between DELMER B GARRETT, Party of the first part, and SHIRLEY GARRETT, party of the second part.

WITNESSETH: That in consideration of the sum of TEN AND no/100 DOLLARS, and other good and valuable considerations, receipt whereof is hereby acknowledged, said party of the first part does by these presents grant, bargain, sell and convey unto SHIRLEY GARRETT, the following described real estate situated in WASHINGTON COUNTY, STATE OF OKLAHOMA, to wit: (this is to be filed only upon my death, or ill health, as of the color of the law)

West 417.5' of South 208.75 feet of W/2 NW4, Less West 16.5 feet to Highway, Section 22, Township 23 North, Range 13 East, Washington County, Oklahoma. SW/4 NW/4 Less 1.92 acres in SW/4 SW/4 NW/4, Section 22, Township 23 North, Range 13 East, Washington County, Oklahoma.

This is a family transaction.

TO HAVE AND TO HOLD the same as joint tenants, and not as tenants in common, with the fee simple title in the survivor, the heirs and assigns of the survivor, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining forever.

AND said DELMER B GARRETT, heirs, successors, grantees, executors, and administrators, does hereby covenant and agree to and with said parties of the second part that, at the delivery of these presents, HE is lawfully seized of an absolute and indefeasible estate of inheritance in fee simple, of and in, all and singular, the above granted and described premises, with the appurtenances; that the same are free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, judgements, estates, taxes, assessments and encumbrances of whatsoever nature and king, EXCEPT: Easements, building restrictions of record and special assessments not yet due:

And that party grantor will WARRANT AND FOREVER DEFEND the same unto said parties of the second part, their heirs, successors and assigns against said party of the first part, his heirs, successors and assigns, and all and every person or persons whomsoever, lawfully claiming, or to claim the same.

IN WITNESS WHEREOF, party of the first part, has executed or caused to be executed this instrument the day and year first above written.

DELMER B GARRETT

Washington County

State of Oklahoma

ACKNOWLEDGEMENT

I-2012-001388   02/22/2012   8:12 am
Book   1108   Page(s) 0229-0229
Fee:   $ 13.00   Doc:   $ 0.00
Marjorie Parrish - Washington County
State of Oklahoma

BEFORE me, the undersigned, a Notary Public in and for said County and State on the 2nd day of June, 2004, personally appeared Delmer Garrett, to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that (executed the same as) a free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal of office the day and year last above written.

My commission expires 7-27-06

38510 US Hwy 75
Ramona Ok 74061

Notary Public

1st

## JOURNAL ENTRY OF JUDGMENT AND
## DECREE OF DIVORCE

Now on this 13th day of December, 1995, this matter comes on for hearing, Plaintiff appearing in person and by and through counsel, Richard G. Harris, and pursuant to the agreement of the parties, the Defendant appearing not but by and through counsel, David B. King.  Plaintiff requests a continuance of the trial of the merits of this matter to which the Defendant objects.  The Court, upon the hearing of testimony from Plaintiff, finds that a divorce on the grounds of incompatibility should be awarded to Plaintiff in this matter, that Plaintiff should be restored to her former name, Carlotta Colene Gordon, and all other issues concerning the divorce in the above entitled cause shall be reserved for a trial on this matter to be heard on January 9, 1996.

The Court further finds and orders as follows:

1.  All material facts alleged in Plaintiff's Petition are true.

2.  The parties were legally married in Las Vegas, Nevada, on December 26, 1990, and have, with the exception of separation during the pendency of this proceeding, lived together as husband and wife.

3.  Immediately prior to filing of the Petition herein, Plaintiff had been a resident in good faith of the State of Oklahoma for six (6) months and Washington County for thirty (30) days.

4.  The Plaintiff is entitled to a decree of divorce from the Defendant on the grounds of incompatibility and a divorce is granted to Plaintiff on said grounds.  Plaintiff is restored to her former name, Carlotta Colene Gordon.

5.  All other issues in the above entitled cause are hereby reserved for trial of this matter on January 9, 1996.

_____
Judge of the District Court

STATE'S EXHIBIT

First Divorce

I, Rosetta Carson, Court Clerk for Washington County, Oklahoma hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's Office in Washington County, Oklahoma, this 21st day of June, 19___

By _____   Rosetta Carson
        DEPUTY            COURT CLERK

*N 17 N 14   N 12 N 4*

# IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
## STATE OF OKLAHOMA

DISTRICT COURT
WASHINGTON COUNTY, OK

2006 SEP -6  A 9: 13

*Elizabeth Cherry*
DEPUTY

IN RE THE MARRIAGE OF:

CARLOTTA COLENE GARRETT,    | Case No:  FD-1994-469

    *Petitioner,*    | Honorable Judge David B. Gambill

vs.

DEWAYNE MARVIN GARRETT,

    *Respondent.*

## JOURNAL ENTRY OF JUDGEMENT
## FINAL DECREE FOR DISSOLUTION OF MARRIAGE
## (BY DEFAULT)

**NOW ON THE** 27th day of February 2006 the afore styled matter comes

on for the scheduled pretrial hearing as same pertains to all issues inclusive of

the division of all marital property; both real and personal. A Decree of

Divorce having previously been entered herein on the 13th day of December

1995 with reservation of all other issues. Petitioner, Carlotta Colene Garrett,

appears by and through her Counsel of Record, Joe L. White; and Respondent,

Dewayne Garrett, appears not, although having been served with notice of this

Pretrial setting; and additionally having previously designated himself as

proceeding *pro se* and having informed this Court that He wanted to proceed

*pro se* and haven declared to the Court that He was and is his Counsel of

Record in all matters before this Court.

THE COURT FURTHER FINDS that Respondent/Defendant , Dewayne Garrett, was lawfully served notice of this hearing, in writing, at 38510 U.S. Hwy 75, Ramona, Oklahoma 74061, via United States Certified Mail bearing tracking number 7004-1350-0004-2060-6060. The Court FURTHER FINDS that Respondent/Defendant, Dewayne Garrett, has not appeared although called within the Courthouse corridors and halls.

THE COURT FURTHER FINDS after having received and reviewed supporting proof of service that Respondent/Defendant, Dewayne Garrett was properly served with notice of this Pretrial and has failed and refused to appear before this Court as directed. THEREFORE THE COURT FURTHER FINDS that a default Divorce should be entered in this matter in absence of Respondent / Defendant, Dewayne Garrett.

THE COURT FURTHER FINDS that in accordance with *Okla.Stat.tit 43 §§ 102 and 103* this Court has jurisdiction over both parties and all issues pertaining to the dissolution of the parties marriage and division of all marital property. FURTHER after review of all previous testimony, records and pleadings the Court Finds, Orders and Decrees as follows *to-wit*:

That the Parties' were lawfully married on or about the 26th day of December 1991, at Las Vegas, NV., and that there have been no children born the parties marriage and Petitioner / Plaintiff is not now pregnant. That Petitioner / Plaintiff, Carlotta Colene Garrett, did file a Petition for Dissolution

of Marriage (Divorce) from Respondent / Defendant, Dewayne Marvin Garrett,
on or about the 8th day of November 1994.  Thereafter, a Dissolution of
Marriage (Divorce) was awarded to both parties on or about the 13th day of
December 1995 with the Court reserving all other issues inclusive of the
division of marital property.  That pursuant to *43 O.S. § 107.1*, more than
ninety (90) days have passed since the Petition for Dissolution of Marriage
(Divorce) and Summons was served upon Respondent.  Further, the Court finds
that Petitioner was and has been for more than six (6) months next preceding
the filing of the Petition herein, a bona fide resident, in good faith, of the state
of Oklahoma, and was for more that thirty (30) days prior to the filing of said
Petition, an actual resident in good faith of Washington County, Oklahoma.

**THE COURT FURTHER FINDS**  that the Respondent / Defendant,
Dewayne Garrett, does not now, nor has he ever had, an interest in the real
property described in that certain Notice of Lis Pendens, recorded with the
County Clerk's Office of Washington County, Oklahoma on 21 October 2005 in
book 1036 at Pages 248 - 272 (the "Les Pendens").  THEREFORE the *Lis
Pendens*, including all affidavits and other supporting documentation filed with
the Lis Pendens, is dissolved and shall be considered invalid and of no force
and effect.

**THE COURT FURTHER FINDS** and  **ORDERS, ADJUDGES** and
**DECREES**  that both Parties are entitled to, and were  awarded an absolute

Dissolution of Marriage and Divorce one from the other, on the grounds of *irreconcilable incompatibility* on this the 13th day of December 1995. That the afore bonds of marriage that previously existed  between the Parties were dissolved, set aside and held for naught, and both Parties were released form said union with reservation of all other issues.  THEREFORE THE COURT after review of all evidence presented and previously presented  FINDS, ADJUDGES, and DECREES that the Parties' personal and tangible property, has been previously and equitably divided.  However, the parties separate and jointly owned real property and royalty rights have not been established.  Thus the Court decrees the property be divided as follows, *to-wit:*

> Petitioner / Plaintiff Carlotta Colene Garrett, is awarded as her sole
> and separate property, free and clear of any claim, right, title or
> interest whatsoever of the Respondent / Defendant, Dewayne
> Marvin Garrett, the forty acres owned prior to her marriage to
> Respondent / Defendant, Dewayne Marvin Garrett that has
> remained her separate property throughout the duration of the
> parties marriage, more particularly described as the SW, SW of
> Section 22, Township 23 North, Range 13 E. of Washington
> County, State of Oklahoma, (forty acres more or less).

**IT IS FURTHER ORDERED , ADJUDGED and DECREED** that Petitioner / Plaintiff Carlotta Colene Garrett is awarded all of her personal property

acquired prior to the parties marriage and all personal property she has acquired during the parties marriage and all separately acquired property held in her name that is within her possession. Which includes but is not laminated to all of Her separate property acquired by her since the date of separation; all personal clothing and effects in her possession, and One Half (½) of the real property acquired during the parties marriage described as the *Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section twenty-two (22), Township twenty-three (23) North, Range thirteen (13) East, located in Washington County, State of Oklahoma; inclusive of one-half (½) of all mineral rights thereto;* AND one half of the two acres located within the *Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section Twenty-two (22), Township 23 North, Range 13 East*, Washington County, Oklahoma. More fully described as the W 417.5' of S 208.75' of W1/2 NW less W. 16.5' of Section 22 Township 23North, Range 13 E.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Petitioner / Plaintiff is to receive one-half (½) of all mineral rights and interests that have been remitted to Dewayne Marvin Garrett, if any, from the date the Petition for Decree was filed herein on the 8th day of November 1994 through the date of this decree of Divorce is filed of record.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Respondent, Dewayne Marvin Garrett, is awarded all of his sole and separately owned

personal property, free and clear of any claim, right, title or interest whatsoever of the Petitioner / Plaintiff, CARLOTTA COLENE GARRETT.  Which shall include all of his personal property acquired by him after the parties separation and  prior to the parties  marriage, not otherwise awarded herein and all separate property acquired by him since the date of separation; including all personal clothing and effects, and

> One Half (½) of the real properties described as follows:
> *Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section twenty-two (22), Township twenty-three (23) North, Range Thirteen (13) East, located in Washington County, State of Oklahoma; Inclusive of one-half (½) of all mineral rights that said property is entitled to; AND one half (½) of the two (1) acrres located with in the Southwest Quarter (SW/4) of the Northwest Quarter (NW/4) of Section Twenty-Two (22), Township Twenty Three, Range Thirteen East of Washington County.*

And all  other personal property which the Parties have exchanged, or was ordered or agreed by the parties to be Respondent/Defendant, Dewayne Marvin Garrett's separate property.

   **THE COURT FURTHER ORDERED, ADJUDGED and DECREED** that there are no joint debts of the parties known to this Court; therefore there is no need for a division of said debts.  However, if it is determined that there are

debts disputed or that needs to be otherwise adjudicated or addressed by the Court either party may move the Court address such disputed debt claims.

**IT IS THEREFORE  ORDERED, ADJUDGED and DECREE** that the Petitioner / Plaintiff is hereby awarded her portion of any marital debt which She has incurred, and is further directed to indemnify Respondent, Dewayne Marvin Garrett, and hold him harmless of such debt, including but not limited to the following debts:

    i.    All personal debt acquired by her prior to the marriage;

    ii.    All separate debt acquired by her since the date of separation and divorce;

    iii.    One-half (½) of all debt jointly acquired during the term of marriage, if any;

    iv.    All other debt the parties agree upon.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that RESPONDENT, DEWAYNE GARRETT is hereby awarded as his portion of the marital debt, forever holding Petitioner, Carlotta Colene Garrett, harmless of such debt, the follows, *to-wit:*

    i.    All personal debt acquired by him prior to the marriage;

    ii.    All separate debt acquired by him since the date of separation;

    iii.    One-half (½) of all debt jointly acquired during the term of

marriage, if any;

iv.     All other debt the parties agree upon.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Notice of

Les Pendens recorded with the County Clerk's Office of Washington County,

Oklahoma on 21 October 2005, in book 1036 at pages 248 - 272 is hereby

dissolved and rendered invalid and of no further force and effect.  Any claim of

interest which Plaintiff Dewayne Garrett may have in and to the real property

described in such Notice of Lis Pendens is granted to Defendant, Carlotta

Gordon , and his hereby denied as same pertains to Dwayne Garrett.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Parties

warrant to each other that a full disclosure of all property owned and debts

owed, whether joint or individual, has been made and the division of property

and debt herein is based upon such disclosure and warranty.  Made in

consideration of this *Decree for Dissolution of Marriage (Decree of Divorce)*.

Therefore that  transfer of  property and the assumption debts that is herein  set

forth  shall deemed to occur and  all claims, right, title and interest that  accrued

from the marital relationship is hereby resolved.  In it is the direction of this

Court that the  Petitioner and Respondent are to hereby release all rights that he

or she may have acquired to property awarded to the other party unless

otherwise set forth within this Decree.  FURTHER, each party hereto is

prohibited to act in any

capacity in the estate of the other, or to act as Administrator or Executor of the

Estate of the Other, and hereby waive any right of election to take against the

will of the other pursuant to the laws of the State of Oklahoma.

IT IS **FURTHER ORDERED, ADJUDGED and DECREED** that this Court's

*FINDINGS and ORDERS* as herein stated, with respect to all matters therein set

forth, shall be and the same is and are as **ORDERED, ADJUDGED and**

**DECREED** as more fully set out in length herein and is hereby made the **ORDER**

of this Court on this ___ day of _____ 2006.

**HON. JUDGE DAVID B. GAMBILL,**
**JUDGE OF THE DISTRICT COURT**

Prepared by:

JOE L. WHITE, OBA # 10521
**JOE L. WHITE, P.C.**
1718 West Broadway
Collinsville, Oklahoma 74021
(918) 371-2531, *Telephone*
(918) 371-3577, *Facsimile*
*Counsel for Petitioner, Carlotta Colene Garrett*

N 7

COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

WASHINGTON COURT CLERK
FILED

2006 FEB -6 P 2:58

MARTHA MERSCH
COURT CLERK

BY_____ DEPUTY

_____E GARRETT,

*Plaintiff,*

CASE NO. FD - 1994-469

HON. JUDGE DAVID B. GAMBILL

_DWAYNE MARVIN GARRETT,

*Defendants.*

ORDER SETTING PRETRIAL CONFERENCE

NOW ON THIS 30 day of January 2006, Petitioner's Application to Set Pretrial
Conference comes on for hearing; and for good cause shown, same should be granted.

IT IS THEREFORE ORDERED that a Pretrial Conference is hereby set for the 27th
day of Feb. 2006, at the hour of 1:00 o'clock P. M. before Honorable Judge of the
District Court in and for Washington County, State of Oklahoma. Said Pretrial Conference is to
take place in Courtroom # 203 located on the 2nd floor of the Washington County
Courthouse located at 420 South Johnstone Avenue, Bartlesville, Oklahoma- 600 Grandview
Room 203, Osage County Courthouse, Pawhuska, Okla. before Judge
Petitioner is hereby Ordered to serve Notice to Respondent.                          B. David Gambill

Dated this 30 day of Jan. 2006.

_____
HON. JUDGE OF THE DISTRICT COURT

I, James R. Warner, Court Clerk for Washington County, Oklahoma
hereby certify that the foregoing is a true original and full copy of
the instrument herewith and is an original of record in the Court
Clerk's Office in Washington County, Oklahoma this

_____ day of _____
by _____
      James R. Warner
      COURT CLERK

Prepared by:
JOEL WHITE, P.C.
Joe L. White, OBA # 10521
1718 W. Broadway
Collinsville, Oklahoma 74021
Telephone: 918/971-2531
Facsimile: 918/371-3577
Counsel for Petitioner, Carlotta Garrett

Exhibit 5

COPY

mailed Cert. w/o Ret. Rec. — 2/8/06
7004 1350 0004 2060 6080

| $279.00 | 1 Ecco 18" chainsaw |
| $250.00 | all bedding etc. |
| $387.00 | 3 fireplace electric heaters (Amish) |
| $1,249.00 | stainless steel kitchen stove |
| $350.00 | dishwasher - automatic |
| $550.00 | bottle & cutting torch |
| $600.00 | 2 air compressors @ 300.00 |
| $540.00 | 1 one & one-half ton window heat & air conditioner unit |
| $500.00 | all fishing equipment |
| $1,200.00 | boxes of tools (carpentry) under the carport |
| $5,000.00 | 5 head of AQHA registered horses |
| $500.00 | 1 gas powered electric generator |
| $350.00 | 1 gas powered water pump |
| $275.00 | 1 battery charger |
| $1,250.00 | 1 riding lawn mower |
| $1,500.00 | 1 John Deere riding lawn mower |

otal
$78,421.00

$20,290.00    Ruth Garrett paid settlement from the first divorce on May 3, 1998

Damaged, but returned
| $6,500.00 | antique secretary (grandmother's) |
| $1,250.00 | 1 antique marble top table - 200 years old |
| $3,500.00 | 1 player piano - music rolls (4) |
| $400.00 | 1 small box of broken dishes - Lenox china |

Total  *300.00*  *2 antique chests*

*12, 150.00*

Office Fees
| $13,281.82 | Legal fees - all until April 1 - 15 |
| $250.00 | Storage truck rental (one month I paid) |
| $1,000.00 | Labor unloading storage trucks |
| $1,000.00 | Secretary & office charges for me |

Total
$15,531.82

*320,000.00*   Land & House
40 Acres @ 8,000. per acre
House & barns 3300 square feet

Total *595,000.00*

Grand Total
*$721,392.82*

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

No: 18-2645

---

Shirley Webster

Plaintiff - Appellant

v.

Elisabeth A. Shumaker, Clerk of the Court for United States Court of Appeals for the Tenth
Circuit; Judge Nancy L. Moritz; Judge Monroe G. McKay; Judge Claire V. Eagan; Judge
Gregory K. Frizzell

Defendants - Appellees

---

Appeal from U.S. District Court for the Western District of Arkansas - Fayetteville
(5:18-cv-05068-TLB)

---

## JUDGMENT

Before COLLOTON, BOWMAN and ERICKSON, Circuit Judges.

This court has reviewed the original file of the United States District Court. It is ordered
by the court that the judgment of the district court is summarily affirmed. See Eighth Circuit
Rule 47A(a).

November 01, 2018

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

---

/s/ Michael E. Gans



# ARVEST
## B A N K

July 23, 2019

SHIRLEY WEBSTER
OR SHOAT WEBSTER
WEBSTER RANCH
HC 61 BOX 217
LENAPAH OK 74042-9724

**RE: NOTICE OF GARNISHMENT**

Dear Shirley,

Please take a moment to read this important communication regarding your Arvest account. This letter is to inform you that Arvest Bank has received a Writ of Garnishment naming you as a Defendant on July 23, 2019 in the amount of $256,195.16.

On July 23, 2019 we researched your account and identified one or more Federal benefit payments deposited in the last two months. As required by Federal regulations, we have established a "protected amount" of funds that will remain available to you and that will not be removed from your account in response to the garnishment order. Below are the affected accounts ending in:

| Account # | Balance | Amt Protected | Amt Subject to Garnishment | Fee |
|---|---|---|---|---|
| - 5907 | $50,521.85 | $1,632.00 | $48,889.85 | $60.00 |

As of the date of this letter, the funds shown above that may be subject to the Writ of Garnishment under state law in the amount of $48,829.85 have been remitted. Outstanding checks presented for payment against unavailable funds may be returned unpaid and marked "Non-Sufficient Funds." If you have a safe deposit box, you will be unable to gain access for 30 days.

Additional information about this garnishment process and your rights can be found on the enclosed "Additional Information About Garnishment Process" form.

If you have any questions regarding your account, please call our customer service department at 866-952-9523.

Thank you,

Arvest Bank
Customer Service

Member FDIC

IN THE District Court of Washington County OK
STATE OF OKLAHOMA

Plaintiff: Carlotta Gordon & Brian Gordon
vs.                                                    Case No.  CJ-2017-239
Defendant: Shirley Dionne Garrett and/or Shirley D Webster

Garnishee: Arvest Bank                              Attorney for Plaintiff: Frederick S Esser

### BANK or FINANCIAL INSTITUTION'S ANSWER
(General Garnishee's Answer/Affidavit)

STATE OF OKLAHOMA
                        ss.
COUNTY OF WASHINGTON
   __Michelle Hernandez__   , being duly sworn deposes and says:
   (Name of Affiant)

   I am the __Coll Specialist__ of Arvest Bank, a corporation, organized under the laws of the State of Oklahoma.
            (Official title)
   Garnishee, having been served with this garnishment summons on July 23, 2019, and having
knowledge of the facts and being sworn, states:

**CHECK ONLY ONE (1) OF THE FOLLOWING - Whichever properly describes your garnishment response:**

( x ) 1.   **MONEY/FUNDS AVAILABLE:** At the time of service of the general garnishment summons (or upon the
date it became effective), the garnishee bank/financial institution was indebted to the judgment debtor or had
POSSESSION or CONTROL of any property, money, goods, chattels, credits, negotiable instruments or
effects belonging to the judgment debtor as follows:

Amount: $48,829.85
Other (specify):  Judgment debtor has funds on deposit for $48,829.85 . Cashier check remitted.

( . ) 2.   **NO MONEY, GOODS, CHATTELS, CREDITS, NEGOTIABLE INSTRUMENTS, OR OTHER
EFFECTS AVAILABLE:** At the time of the service of the garnishment summons (or upon the date it
became effective) the garnishee was not indebted to the judgment debtor/defendant the judgment debtor/
defendant status was:

SPECIFY: _____

The garnishee mailed a copy of notice of garnishment and exemptions and application for hearing by first
class mail to the defendant at: OR SHOAT WEBSTER WEBSTER RANCH HC 61 BOX 217 LENAPAH
OK 74042-9724

Date Mailed:____7/23/2019_____                    _____
                                                   (Garnishee Signature)

       Subscribed and sworn to me before me this __23___ day of ____July____, 2019

                                                   _____
                                                           (Notary Public)

   OFFICIAL SEAL
   LISA J. COOK
   WASHINGTON COUNTY
   NOTARY PUBLIC - ARKANSAS
   MY COMMISSION EXP. FEB. 1, 2021
   COMMISSION# 12380707

MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain

Message-Id:<11691319@txnd.uscourts.gov>
Subject:Activity in Case 3:19-cv-01567-L-BT Garrett v. Esser et al Order
Referring Case to Magistrate Judge
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se
litigants) to receive one free electronic copy of all documents filed electronically, if
receipt is required by law or directed by the filer. PACER access fees apply
to all other users. To avoid later charges, download a copy of each document
during this first viewing. However, if the referenced document is a transcript,
the free copy and 30 page limit do not apply.

U.S. District Court
Northern District of Texas

Notice of Electronic Filing
The following transaction was entered on 7/31/2019 3:20 PM CDT and filed
on 7/31/2019

Case Name: Garrett v. Esser et al

Case Number: 3:19-cv-01567-L-BT
https://ecf.txnd.uscourts.gov/cgi-bin/DktRpt.pl?319033

Filer:

Document Number: 5

Copy the URL address from the line below into the location bar
of your Web browser to view the document:
https://ecf.txnd.uscourts.gov/doc1/177112584781?caseid=319033&de_seq_num=24&magi
c_num=MAGIC

Docket Text:
STANDING ORDER OF REFERENCE: This case
is hereby referred to United States Magistrate Judge Rebecca Rutherford
for pretrial management. All nondispositive motions, pending or prospective,
are referred to the magistrate judge for determination. (Ordered
by Judge Sam A. Lindsay on 7/31/2019) (ndt)

3:19-cv-01567-L-BT Notice has been electronically mailed to:

3:19-cv-01567-L-BT Notice required by federal rule will be delivered by other
means (as detailed in the Clerk's records for orders/judgments) to:

Shirley Dione Webster Garrett
PO Box 217 HC 61
Lenapah, OK 74042

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:

[STAMP dcecfStamp_ID=1004⬤775 [Date=7/31/2019] [FileNumb⬤11691318-0]
[68b5ef57f0921c887abdc7d751c26dfe2f5b7425cb5fad015b96131addd24d824f7f25466e1db16
3fb37c8014f2b959fa8041ec88a3662ed84883fc15c7a7246]]

```
   2195907 THRU 07-28-19   TRANSACTION SYSTEM - CUSTOMER STATEMENT      PAGE   1
SHIRLEY WEBSTER                    BALANCE AS OF  7-17-19          50,521.85
OR SHOAT WEBSTER                   +DEP/CR            0                  .00
WEBSTER RANCH                      -CK/DR             3            49,001.85
HC 61 BOX 217                      -SVC CHARGE                          .00
LENAPAH OK 74042-9724              +INT PAID                            .00
                                   CURRENT BAL                     1,520.00
Pst/Dt  Description                              Amount            Balance
Eff/Dt   Serial Number   Description             Amount            Balance
072319                  GARN CARLOTTA G          48829.85-         1692.00
072319


072319                  GARNISHMENT PRO             60.00-        1632.00
072319


072319                  AMER ELECT PWR             112.00-        1520.00
072319   WEBSTER, SHIRLEY


STATEMENT COMPLETE
```

20-0700-4D   Checking Account Inquiry Detail   Nixon   Date
7-29-20

Account number ... 2195907   Short name   WEBSTER SHIRLEY

```
*--------------------Detail Information--------------------*
     Posting date julian/calendar          2019204 / 7-23-19
     Effective date julian/calendar        2019204 / 7-23-19
     Transaction number within day               ......1
     DR/CR code                                   6
     Posting/internal/original tran code    49 / 49 / 49
     Transaction amount                     .......48,829.85-
     Serial/check number                    ..............
     Str/run/bat/seq#              00/800/0000059/0000010/00
     Quantity for this transaction          ........1
     Passbook/reversal flag                       /
     Substitute check flag
     Source of transaction/user ID                /
     Description of transaction   GARN CARLOTTA GORDON & BRIAN
```

F3=Exit   F15=New Checking Inquiry

## IN THE DISTRICT COURT OF WASHINGTON COUNTY
## STATE OF OKLAHOMA

CARLOTTA GORDON and )
BRIAN GORDON, )
                   Plaintiffs, )
                         )
vs. )  Case No:  CJ-2017-239
                         )
SHIRLEY DIONNE GARRETT, )
Also known as SHIRLEY GARRETT and/or )
SHIRLEY D. WEBSTER, an Individual; )
and, )
DWAYNE M. GARRETT, )
An Individual,         Defendants. )

DISTRICT COURT WASHINGTON CO OK
JILL L. SPITZER, COURT CLERK

F
I
L
E
D

JUL 2 2019

BY _____ DEPUTY

## **Garnishment Affidavit**

(12 O.S. § 1172)

STATE OF OKLAHOMA )
                         )
COUNTY OF WASHINGTON )

I, Frederick S. Esser, being duly sworn, state as follows:

1.  That I am the attorney for Judgment Creditor/Plaintiff, Carlotta Gordon and Brian Gordon, in the above-styled case;

2.  **For Prejudgment Garnishment**: N/A

3.  **For Postjudgment Garnishment**:  That Shirley Dionne Garrett, also known as Shirley Garrett and/or Shirley D. Webster, Defendant in the above-styled case, is indebted to the Plaintiff as follows:

| | | |
|---|---|---|
| $ 157,050.00 | In favor of Carlotta Gordon |
| $ 94,203.17 | In favor of Brian Gordon |
| $ 246,253.17 | Interest-bearing balance |
| $ 9,866.99 | Interest at 6.50 % from December 3, 2018 *(date)* |
| $ 75.00 | Court costs not included in interest-bearing balance |
| $ -0- | Attorney fees not included in interest-bearing balance |
| **$ 256,195.16** | **Total Garnishment amount** |

4. That I believe that **Arvest Bank Group** is indebted to the Defendant, **Shirley Dionne Garrett, also known as Shirley Garrett and/or Shirley D. Webster**, or has property within the its possession or under its control belonging to this Defendant, which is not by law exempt from seizure or sale upon execution.

5. Plaintiff is **NOT** seeking a continuing garnishment.

Frederick S. Esser, OBA#2761
401 S, Dewey, Suite 214
Bartlesville, OK   74003
Telephone:      918/336-5959
Facsimile:      918/336-5966
Email: rick@akersesserlaw.com
*Attorney for the Judgment Creditor / Plaintiff*

Subscribed and sworn to before me this 19th day of June 2019

Heather A. Snow, Notary Public
Commission No. 01001247

My commission expires: February 14, 2021
[SEAL]



In the District Court of _Washington_____ County
State of Oklahoma

Carlotta Gordon and
Brian Gordon
_____       )
Plaintiff                        )
                                 )
        vs.                      )
                                 )
Shirley Dionne Garrett, also known   )    Case No.  CJ-2017-239___
Defendant                        )
as Shirley D. Webster            )
        and                      )
                                 )
Arvest Bank                      )
_____      )
Garnishee                        )

### Claim for Exemption and Request for Hearing

1.  Funds sought in garnishment are exempt from execution because they are (check
    applicable box):

    ☐   A.   Social Security benefits – 42 U.S.C. § 407.
    ☐   B.   Supplemental security income – 42 U.S.C. §1383(d).
    ☐   C.   Unemployment benefits – 40 O.S. §2-303.
    ☐   D.   Workmen's Compensation benefits – 85 O.S. §48.
    ☐   E.   Welfare benefits – 56 O.S. §173.
    ☐   F.   Veterans' benefits – 38 U.S.C. §3101, 31 O.S. §7.
    ☐   G.   Monies in Possession of Police Pensions – 11 O.S. §50-124.
    ☐   H.   Monies in Possession of Firemen's Relief & Pension Fund – 11 O.S. §49-126.
    ☐   I.   Monies in Possession of County Employee's Retirement System – 19 O.S. §959.
    ☐   J.   Monies in Possession of Public Employee's Retirement Fund – 74 O.S. §923.
    ☐   K.   Teacher's Annuities or Retirement Allowance – 70 O.S. §17-109.
    ☐   L.   Annuities and pension payments under Railroad Retirement Act – 45 U.S.C.
             §231(m)
    ☐   M.   United States Civil Service Retirement and Disability Pension Fund Payments –
             5 U.S.C. §8346.
    ☐   N.   United States Civil Service Survivor Annuities – 5 U.S.C. §8346.
    ☐   O.   Interest in Retirement, Pension and Profit Sharing Plans – 60 O.S. §327, 60 O.S.
             §328.
    ☐   P.   The Wages of Seamen – 46 U.S.C. §601.
    ☐   Q.   Funds vested in the Alien Property Custodian – 50 U.S.C. Appx. §9(f).
    ☐   R.   Prepaid Burial Benefits – 36 O.S. §6125.
    ☐   S.   Proceeds of Group-Life Insurance Policy – 36 O.S. 3632, and 36 O.S. §4026.
    ☐   T.   Alimony, support, separate maintenance, or child support necessary for support
             of judgment debtor or dependent – 31 O.S. §1.1.
    ☐   U.   Personal wage exemption because of undue hardship – 31 O.S. §1.1.
    ☐   V.   Other (please state): _____

2. Check one box:

☐ All funds are exempt, or,

☐ I believe the following amount of money is exempt: $_____
   *(Fill in the amount of funds to be exempt).*

3. Check if applicable:

☐ I have attached copies of the documents that show that my money is exempt.

4. If garnishment is for wages, this claim and request is filed for the pay period
   _____ through _____, inclusive.

5. I request that this matter be set for hearing.


_____
Signature


Address for mailing of Court Hearing Notice

_____

_____


Address for mailing a copy of Claim to Judgment
Creditor's Attorney:

_____

_____


You must mail the original to the Court Clerk of __Washington_____County at the following
address: ___420 S. Johnston Ave., Bartlesville, Oklahoma 74003_____

_____


*AOC Form 22*
*Revised 8/05*

## NOTICE OF GARNISHMENT AND EXEMPTIONS

**IMPORTANT:** YOUR MONEY MAY BE TAKEN TO PAY A JUDGMENT. READ THIS CAREFULLY.

A Garnishment Summons against your account(s), wages or other property has been served on the named garnishee. Money held for you by the named garnishee may be taken to pay a judgment against you. However, some money is protected by law ("exempt") and cannot be taken to pay certain types of judgments. The following is a list of funds that may be exempt. By law, additional exemptions may also be available:

| | |
|---|---|
| A. | Social Security Benefit – 42 U.S.C. § 407. |
| B. | Supplemental Security Income – 42 U.S.C. § 1383 (d) |
| C. | Unemployment Benefits – 40 O.S. § 2-303. |
| D. | Workers' Compensation Benefits – 85A O.S § 10. |
| E. | Welfare Benefits – 56 O.S. § 173. |
| F. | Veteran's Benefits – 38 U.S.C. § 5301, 31 O.S. § 7. |
| G. | Monies in possession of Police Pensions – 11 O.S. § 50-124. |
| H. | Monies in possession of Firemen's Relief and Pensions Fund – 11 O.S. § 49-126. |
| I. | Monies in possession of County Employee's Retirement System – 19 O.S § 959. |
| J. | Monies in possession of Public Employee's Retirement Fund – 74 O.S § 923. |
| K. | Teacher's Annuities or Retirement Allowance – 70 O.S. § 17-109. |
| L. | Annuities and Pension Payments under Railroad Retirement Act – 45 U.S.C. § 231m. |
| M. | United States Civil Service Retirement and Disability Pension Fund Payments – 5 U.S.C. § 8346. |
| N. | United States Civil Service Survivor Annuities – 5 U.S.C § 8346. |
| O. | Interest in Retirement, Pension and Profit Sharing Plans – 60 O.S. § 327, 60 O.S. §328. |
| P. | The Wages of Masters and Seamen – 46 U.S.C § 11109. |
| Q. | Funds vested in the Alien Property Custodian – 50 U.S.C. § 4309(f). |
| R. | Prepaid Burial Benefits – 36 O.S. § 6125. |
| S. | Proceeds of Group Life Insurance Policy – 36 O.S. § 3632 and 36 O.S. § 4025. |
| T. | Alimony, support, separate maintenance. or child support necessary for support of defendant dependent – 31 O.S. § 1.1. |
| U. | Personal wage exemption because of undue hardship – 31 O.S. § 1.1. |
| V. | Longshore and Harbor Worker's Death and Disability Benefits – 33 U.S.C. § 916 |
| W. | Foreign Service Retirement and Disability Benefits – 22 U.S.C. § 4060 |
| X. | Compensation for Injury, Death, or Detention of Employees of Contractors with the US Outside of the US – 42 U.S.C. § 1717 |
| Y. | Student loans or work assistance – 20 U.S.C. § 1095a |
| Z. | FEMA Assistance – 44 CFR 206.110 |

The above exemptions generally do not apply to judgments and garnishments for Alimony and Child Support. If you are a corporation, you may have other exemptions.

If an account is being garnished and the money in the account does not belong to you, or if you are aware of other reasons why money should not be taken to pay the judgment, you may want to consult an attorney. Because of the garnishment, the garnishee may be required to withhold the amount of money claimed by the plaintiff. You may not be able to withdraw that money. If your account contains Social Security payments or other federal benefit payments, your bank may have determined that some amounts are protected from garnishment.

If you believe that you are entitled to an exemption, complete the following steps immediately. **You must complete the steps and return the form to the Court Clerk within five (5) days from the date you received this notice.**

1. On the attached "Claim for Exemptions and Request for Hearing" form, check the box next to the exemptions you claim.
2. Check whether you claim all money is exempt. If you do not claim that all money is exempt, write in the amount you believe is exempt.
3. Sign your name in the space indicated on the form. Write the address where the Court Clerk can notify you of the hearing date and time.
4. Mail the claim for Exemptions and Request for Hearing to the Court Clerk. You may include copies of any information you have that the money is exempt, such as copies of documents or letters from government agencies.

THE COURT CLERK MUST RECEIVE THE CLAIM FOR EXEMPTION AND REQUEST FOR HEARING WITHIN FIVE DAYS FROM THE DATE YOU RECEIVED YOUR NOTICE. The Court Clerk will set the matter for hearing and notify you. At the hearing in Court, you will have to prove that your money is exempt from garnishment. You may want to consult an attorney for advice concerning the matter. If you have been served with a continuing garnishment, you will be provided a claim for exemptions and request for hearing during each pay period during the garnishment period.

If you do not request a hearing within five (5) days from the date you received this notice, but believe you are entitled to an exemption, you should consult an attorney. The attorney may be able to assist you in claiming an exemption by filing a motion with the court.

YOU MUST ALSO MAIL A COPY OF YOUR CLAIM FOR EXEMPTION AND REQUEST FOR HEARING TO THE JUDGMENT CREDITOR'S ATTORNEY.

## Additional Information About Garnishment Process

*What is garnishment?*

Garnishment is a legal process that allows a creditor to remove funds from your bank account to satisfy a debt that you have not paid. In other words, if you owe money to a person or company, they can obtain a court order directing your bank to take money out of your account to pay off your debt. If this happens, you cannot use that money in your account.

*Who garnished my account?*

The name of the creditor who obtained the garnishment writ against you can be found within the enclosed copy of the Writ of Garnishment. If you have questions concerning this garnishment, please contact the court or the attorney for the creditor listed on the Writ of Garnishment.

*Do I need to do anything to access my protected funds?*

You may use the "protected amount" of money in your account as you normally would. There is nothing else that you need to do to make sure that the "protected amount" is safe.

*What types of Federal benefit payments are protected from garnishment?*

In most cases, you have protections from garnishment if the funds in your account include one or more of the following Federal benefit payments:

- Social Security benefits
- Supplemental Security Income benefits
- Veterans benefits
- Railroad retirement benefits
- Railroad Unemployment Insurance benefits
- Civil Service Retirement System benefits
- Federal Employees Retirement System benefits

*What should I do if I think that additional funds in my account are from Federal benefit payments?*

If you believe that additional funds in your account(s) are from Federal benefit payments and should not have been removed, there are several things you can do:

- You can file a claim of exemption and submit it to the court. Some court clerk's offices have forms that you can use for this purpose.
- You may contact the creditor that garnished your account and explain that additional funds are from Federal benefit payments and should be released back to you. The creditor may be contacted through their attorney named on the enclosed Writ of Garnishment. If contact information for the creditor or for the creditor's attorney is not shown on the Writ of Garnishment, the court clerk that issued the Writ of Garnishment can provide that information to you.
- You may also consult an attorney (lawyer) to help you prove to the creditor who garnished your account that additional funds are from Federal benefit payments and cannot be taken. If you cannot afford an attorney, you can seek assistance from a free attorney or a legal aid society.

This notice is being provided to you under the requirements of federal law and regulations.  By issuing this required notice Arvest Bank is not providing legal advice to you.

RESPONSE TO REQUEST FOR SEPARATION DOCUMENTS/INFORMATION

☑ The attached document(s) are furnished in response to your request.

☐ For specific information pertaining to your inquiry, please see the checked
item(s) on the attached information sheet.

*The Part of your request concerning medals will be answered at a later date by another ~~unit~~ unit.*

*MILITARY SERVICE DOCUMENTS ARE EXTREMELY IMPORTANT. GUARD THEM CAREFULLY AGAINST LOSS OR DAMAGE.*

TO:
D Wayne M. Garrett
8 9 Evergreen Circle
Arlington Texas 76010

NCPM A C A
L B Davis
for LINDA L. NUNLEY
Chief, Army Reference Branch

NATIONAL PERSONNEL RECORDS CENTER
(Military Personnel Records)
9700 Page Boulevard
St. Louis, MO 63132

DATE: 2-6-75

GENERAL SERVICES ADMINISTRATION

GSA FORM 6941 (REV. 4-73)

| SERVICEMAN'S STATEMENT CONCERNING APPLICATION FOR COMPENSATION FROM THE VETERANS ADMINISTRATION *(VA Form 21-526e)* (AR 635-61) | DATE 15 Sep 67 |
|---|---|

PLACE OF SEPARATION *(Hospital or other separation activity)*
**Separation-Transfer Point Ft Geo G Meade, Md   20755**

## INSTRUCTIONS

Each officer and enlisted person being processed for separation from active military service for any reason who has undergone prolonged hospitalization, or suffered from wounds, injury or disease while in service, is advised to apply for compensation from the Veterans Administration by completing VA Form 21-526e. Each individual who had a physical defect when he entered the service which he feels was aggravated by military service should file VA Form 21-526e. You are further advised that, if you do not apply for compensation from the Veterans Administration by completing VA Form 21-526e at the time of separation, you may do so at any time thereafter; that, if you do intend to file, it is advisable to do so before you leave the service as at that time your medical records are more easily obtainable and action by the Veterans Administration on your claim will be expedited thereby; and that filing VA Form 21-526e will in no way delay your separation. When you have read the above paragraph, place your initials at the end of this sentence.

I AM BEING PROCESSED FOR SEPARATION FROM THE ARMY AND HAVE BEEN ADVISED THAT I AM ENTITLED TO FILE AN APPLICATION FOR COMPENSATION FROM THE VETERANS ADMINISTRATION.

☐ I HAVE FILED AN APPLICATION FOR SUCH COMPENSATION ON VA FORM 21-526E.

☒ I HAVE DECIDED NOT TO FILE AN APPLICATION FOR SUCH COMPENSATION AT THIS TIME. I UNDERSTAND THAT I MAY DO SO AT A LATER DATE.

| NAME, GRADE, AND SERVICE NO. *(Addressograph plate may be used in this space.)* | SIGNATURE OF INDIVIDUAL BEING SEPARATED |
|---|---|
| GARRETT, DWAYNE M, PFC   E3, US54364241 | |

### PREPARATION AND DISTRIBUTION

ORIGINAL will be prepared in all cases. Attach to SF 88 and forward to The Adjutant General with personnel records.

DUPLICATE will be prepared in all disability separations regardless of whether VA Form 21-526e is prepared, and in all other types of separations only when VA Form 21-526e is prepared. Attach to #4 copy of DD Form 214 for disposition in accordance with Appendix III, AR 635-5.

DA FORM 1 AUG 63 **664**          EDITION OF 1 MAY 62 IS OBSOLETE.          GPO 903-643

**DUPLICATE**

ATTN: George Willard
Case # 28490 184

Owner:   MARGARET ULLRICH SNOW, formerly known as, MARGARET ULLRICH
         BOX 3523, STAGE COACH TRAIL, LYONS, COLORADO 80540

Buyer:   DWAYNE and RUTH GARRETT
         ROUTE 1, BOX 1246 OCHELATA, OKLAHOMA 74051

For a consideration of THREE THOUSAND DOLLARS ($3,000.00),
Owner agrees to sell, deliver and convey by warranty deed the
following described property to wit:

The West 417.5 feet of the South 208.75 feet of the W/2
NW/4 of Section 22, Township 23 North, Range 13 East,
Less the West 16.5 feet for State Highway Right-of-Way
purposes

Buyer agrees to purchase the above-described property and pay
the sum of THREE THOUSAND DOLLARS ($3,000.00) in the following
manner: to pay on the signing of this Contract the sum of THREE
THOUSAND DOLLARS ($3000.00), the receipt of which is hereby
acknowledged; said payment to be held by BROTZMAN, BUCHHOLZ and
McDOWELL, Attorneys at Law, until the closing of this sale.

RURAL WATER TAP; BARN, FOUNDATION, FOOTINGS, CONCRETE SLAB,
OUT BUILDING.  THE HOME ONCE LOCATED ON SAID PROPERTY WAS DESTROYED
BY FIRE ON OR ABOUT FEBRUARY 14, 1993.

THERE ARE NO Rent and Insurance adjustments.

Taxes:  TWO HUNDRED SIXTY-SEVEN DOLLARS ($267.00) are to be
paid by Owner at time of closing.

Owner agrees to give possession at time of closing.

Owner agrees to furnish abstract brought down to date showing
title to be merchantable and vested in Owner.  Owner shall have a
reasonable time to bring abstract of title down to date of this
Contract, and the Buyer shall have a reasonable time to have said
abstract examined.  This condition was met by both parties prior to
time of closing, which was at the same time and date as of the date
of this contract.

If merchantable title cannot be given in a reasonable time,
the earnest payment shall be returned to the Buyer, and this
Contract shall be of no further effect to the parties hereto unless
otherwise agreed in writing between the parties hereto.
(RISK OF LOSS OR DAMAGE SHALL REMAIN UPON OWNER UNTIL DELIVERY OF
TITLE).

This Contract shall extend to and be binding on the heirs,
executors, administrators or assigns of the parties hereto.

_Margaret Ullrich Snow_
MARGARET ULLRICH SNOW, formerly known as,
MARGARET ULLRICH
BOX 3523, STAGE COACH TRAIL, LYONS, COLORADO 80540
Owner

DWAYNE GARRETT                          RUTH GARRETT, by DWAYNE GARRET,
ROUTE 1, BOX 1246                       HER ATTORNEY-IN-FACT
OCHELATA, OKLAHOMA 74051                ROUTE 1, BOX 1246
Buyer                                   OCHELATA, OKLAHOMA 74051
                                        Buyer

Exhibit 8

IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

DWAYNE GARRETT,
ESTATE OF DELMER B. GARRETT,
SHIRLEY DIONNE GARRETT
HER ATTORNEY – IN- ACT                    *C* FD-94--469

*Plaintiff*

*CARLOTTA COLENE GARRETT GORDON*
*Defendant*

EXECUTION OF SALE OF PROPERTY OF HOME THAT IS COVERED BY
HOMESTEAD EXEMPTION FOR THE GARRETT ESTATE
W 417.5' OF A 208.75' OF W ½ NW LESS W 16.5' TO H/W: 1.92 AC SEC 22 TWNSHP:
23N RANGE: 13E

*When this property was purchased it was bought by Ruth V. Garrett with no home on it.*
*According to the contract there was nothing but the slab. A new home was built with*
*Shirley Garrett and Delmer B. Garrett's money. The square footage was 3200 sq. feet.*
*We are forcing this sale because she won judgment of half the land so we are sending*
*copies of the tax records. Delmer B. Garrett passed away and we need to sell it to pay his*
*debts. We are putting a time line on this to put closure to this 20 years of fighting in the*
*courts. One divorce was in 1995 and one was 2006 so we are putting a 90-day time line*
*to either pay the money or the judgment is null and void. We are petitioning you to pay*
*the money so we can go on with our lives you can make appt to see the house, which was*
*updated 2 years ago.  The land part will be dealt with at a later date.  The estimate of this*
*house is $85.00 and $140.00 per square foot. I figured it at the lower of the two, which*
*calculates to be $272,000.00.  The other land will be joined by whoever wants to buy it.*

*Shirley Dionne Garrett Webster*

Dwayne Garrett
Attorney-in-Fact for
Shirley Garrett

3 952-41
Roman Okla
74661

ACKNOWLEDGEMENT

*Pamela K. Harris*

Benjamin Funeral Service (/bej/)                                      HOME PAGE (/BEJ/)

  

EXIBIT "A"

# Shirley Dionne (Garrett) Webster

March 16, 1936 ~ July 23, 2021 (age 85)

Recommend 26

f        🐦        ✉ (mato:?subject=Obituary%20Listing&t

| **Obituary & Services** | Tribute Wall |

## Obituary

BENJAMIN FUNERAL SERVICE NOWATA, OKLAHOMA 918-273-2700....  OBITUARY PENDING

To send flowers to the family or plant a tree in memory of Shirley Dionne (Garrett) Webster, please visit our **floral store. (/bej/obituary/Shirley-Webster/sympathy)**

## Services

You can still show your support by sending flowers directly to the family, or by planting a memorial tree in the memory of Shirley Dionne (Garrett) Webster

Share a memory                                    Plant a Tree

(/bej/obituary/Shirley-Webster/1071057/memorial-tree)

**Brandon Webster** is with **Cathey Webster Forrest** and **Shoat Webster Jr**.

12h ·

We will be having a Celebration of Life for grandma (Shirley Webster) on Friday, July 30th at 12:00. It will be officiated by Wendell Abbott at the Church of God (408 S. Pine) in Nowata, OK. There will be a short service followed by refreshments and fellowship.

On behalf of our family, Thank You for the outpouring of love and support shown to us. Grandma was a very special lady to so many and a blessing to us in more ways than she could've ever imagined.

Memaw, we know you're with Pa Shoat and the rest of the gang in a glorious Heaven! We'll be patiently waiting to see you again. We LOVE you, Memaw!!! 🖤




 Kathy Wickham-Morris, Cathey Webster Forrest and 206 others          59 Comments

Visit our Tribute Store

© 2021 Benjamin Funeral Service. All Rights Reserved. Funeral Home website by CFS (https://www.consolidatedfuneralservices.com) & TA (https://www.tributearchive.com) | Terms of Use (/bej/terms-of-use) | Privacy Policy (/bej/privacy-policy)

Share a memory                                  Plant a Tree

(/bej/obituary/Shirley-Webster/1071057/memorial-tree)

**Office of the Revisor of Statutes**

## 2020 Minnesota Statutes

Authenticate &#x1F5CB; PDF

**609.19 MURDER IN THE SECOND DEGREE.**

Subdivision 1. **Intentional murder; drive-by shootings.**  Whoever does either of the following is guilty of murder in the second degree and may be sentenced to imprisonment for not more than 40 years:

(1) causes the death of a human being with intent to effect the death of that person or another, but without premeditation; or

(2) causes the death of a human being while committing or attempting to commit a drive-by shooting in violation of section 609.66, subdivision 1e, under circumstances other than those described in section 609.185, paragraph (a), clause (3).

Subd. 2. **Unintentional murders.**  Whoever does either of the following is guilty of unintentional murder in the second degree and may be sentenced to imprisonment for not more than 40 years:

(1) causes the death of a human being, without intent to effect the death of any person, while committing or attempting to commit a felony offense other than criminal sexual conduct in the first or second degree with force or violence or a drive-by shooting; or

(2) causes the death of a human being without intent to effect the death of any person, while intentionally inflicting or attempting to inflict bodily harm upon the victim, when the perpetrator is restrained under an order for protection and the victim is a person designated to receive protection under the order. As used in this clause, "order for protection" includes an order for protection issued under chapter 518B; a harassment restraining order issued under section 609.748; a court order setting conditions of pretrial release or conditions of a criminal sentence or juvenile court disposition; a restraining order issued in a marriage dissolution action; and any order issued by a court of another state or of the United States that is similar to any of these orders.

**History:** *1963 c 753 art 1 s 609.19; 1981 c 227 s 10; 1992 c 571 art 4 s 6; 1995 c 226 art 2 s 16; 1996 c 408 art 4 s 8; 1998 c 367 art 2 s 8; 2015 c 21 art 1 s 99*

Official Publication of the State of Minnesota
Revisor of Statutes

Mr. John Roberts

In case number   CIV-21-119 criminal statue,  what we are sending you provides to the elements that has happened.

This case was brought in April 2021to the attention  of Christopher Wray and Merrick Garland. They were aware of this case and did nothing.

It resulted in the death of Shirley Dione ( Garrett) Webster which is 18% of the indictment.

They are guilty of 2nd degree murder.

IF YOU DO THE CRIME, YOU DO THE TIME....

Date: 7/24/2021  *Paul Leroy Wickham ET:AL*

**Paul Leroy Wickham Et: AL**
**RT 1 Box 171**
**Nowata Ok 74048**

FILED

AUG 0 4 2021

F CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

United States Courthouse
Oklahoma City, Oklahoma

| | | |
|---|---|---|
| Shirley Dione Webster | ) | Case No. CIV-21-119-SLP |
| Dwayne Marvin Garrett | ) | |
| Paul Leroy Wickham | ) | |
| | ) | |
| | ) | |
| **PLAINTIFFS** | ) | |
| | ) | Hon. Supreme Court Justices as a Third |
| Merrick Garland  ET:AL | ) | Party Under the Informant Act |
| | ) | 18 U.S.C. Sec.1512 |
| **DEFENDANTS** | ) | |
| | ) | John Roberts |
| | ) | Clarence Thomas |
| | ) | Ruth Bader Ginsburg |
| | ) | Stephen Breyer |
| | ) | Brett Kavanaugh |
| | ) | Samuel Alito Jr. |
| | ) | Sonia Sotomayor |
| | ) | Elena Kagan |
| | ) | Neil Gorsuch |
| | ) | Amy Coney Barrett |

---

Motion for speedy trial act under 18 USC Sec. 3163-3174

---

Motion for settlement agreement

---

Exhibit A attached

---

Date: July 28-2021   Paul Leroy Wickham ET:AL
Paul Leroy Wickham Et: AL
RT 1 Box 171
Nowata Ok 74048

Benjamin Funeral Service (/bej/)

  

EXIBIT "A"

## Shirley Dionne (Garrett) Webster

March 16, 1936 ~ July 23, 2021 (age 85)

Recommend 26

f 🐦 ✉ (mailto:?subject=Obituary%20Listing&b

**Obituary & Services**                    Tribute Wall

# Obituary

BENJAMIN FUNERAL SERVICE NOWATA, OKLAHOMA 918-273-2700....  OBITUARY
PENDING

To send flowers to the family or plant a tree in memory of Shirley Dionne (Garrett) Webster,
please visit our **floral store. (/bej/obituary/Shirley-Webster/sympathy)**

# Services

You can still show your support by sending flowers directly to the family, or by planting a memorial tree in the
memory of Shirley Dionne (Garrett) Webster

Share a memory                    Plant a Tree

(/bej/obituary/Shirley-Webster/1071057/memorial-tree)

**Brandon Webster** is with **Cathey Webster Forrest** and **Shoat Webster Jr**.

**12h** ·

We will be having a Celebration of Life for grandma (Shirley Webster) on Friday, July 30th at 12:00. It will be officiated by Wendell Abbott at the Church of God (408 S. Pine) in Nowata, OK. There will be a short service followed by refreshments and fellowship.

On behalf of our family, Thank You for the outpouring of love and support shown to us. Grandma was a very special lady to so many and a blessing to us in more ways than she could've ever imagined.

Memaw, we know you're with Pa Shoat and the rest of the gang in a glorious Heaven! We'll be patiently waiting to see you again. We LOVE you, Memaw!!! 🖤




 Kathy Wickham-Morris, Cathey Webster Forrest and 206 others                    59 Comments

Visit our Tribute Store

© 2021 Benjamin Funeral Service. All Rights Reserved. Funeral Home website by CFS (https://www.consolidatedfuneralservices.com) & TA (https://www.tributearchive.com) | Terms of Use (/bej/terms-of-use) | Privacy Policy (/bej/privacy-policy)

Share a memory                                    Plant a Tree

(/bej/obituary/Shirley-Webster/1071057/memorial-tree)

# Office of the Revisor of Statutes

## 2020 Minnesota Statutes

Authenticate  PDF

**609.19 MURDER IN THE SECOND DEGREE.**

Subdivision 1. **Intentional murder; drive-by shootings.**  Whoever does either of the following is guilty of murder in the second degree and may be sentenced to imprisonment for not more than 40 years:

(1) causes the death of a human being with intent to effect the death of that person or another, but without premeditation; or

(2) causes the death of a human being while committing or attempting to commit a drive-by shooting in violation of section 609.66, subdivision 1e, under circumstances other than those described in section 609.185, paragraph (a), clause (3).

Subd. 2. **Unintentional murders.**  Whoever does either of the following is guilty of unintentional murder in the second degree and may be sentenced to imprisonment for not more than 40 years:

(1) causes the death of a human being, without intent to effect the death of any person, while committing or attempting to commit a felony offense other than criminal sexual conduct in the first or second degree with force or violence or a drive-by shooting; or

(2) causes the death of a human being without intent to effect the death of any person, while intentionally inflicting or attempting to inflict bodily harm upon the victim, when the perpetrator is restrained under an order for protection and the victim is a person designated to receive protection under the order. As used in this clause, "order for protection" includes an order for protection issued under chapter 518B; a harassment restraining order issued under section 609.748; a court order setting conditions of pretrial release or conditions of a criminal sentence or juvenile court disposition; a restraining order issued in a marriage dissolution action; and any order issued by a court of another state or of the United States that is similar to any of these orders.

**History:** _1963 c 753 art 1 s 609.19; 1981 c 227 s 10; 1992 c 571 art 4 s 6; 1995 c 226 art 2 s 16; 1996 c 408 art 4 s 8; 1998 c 367 art 2 s 8; 2015 c 21 art 1 s 99_

Mr. John Roberts

In case number  CIV-21-119 criminal statue,  what we are sending you provides to the elements that has happened.

This case was brought in April 2021to the attention  of Christopher Wray and Merrick Garland. They were aware of this case and did nothing.

It resulted in the death of Shirley Dione ( Garrett) Webster which is 18% of the indictment.

They are guilty of 2nd degree murder.

IF YOU DO THE CRIME, YOU DO THE TIME....

Date: 7/24/2021    *Paul Leroy Wickham ET:AL*

**Paul Leroy Wickham Et: AL**
**RT 1 Box 171**
**Nowata Ok 74048**

## Tuesday, April 27, 2021

**39** | order | 02 - Minute Order Case - Reassigned Deadlines - Strike/Terminate Deadline(s)/Hearing(s) | Tue 04/27 8:50 AM

MINUTE ORDER by Court Clerk: Pursuant to receipt of an election of the District Judge Option and in accordance with LCvR 40.1(c), this case is reassigned to District Judge Scott L. Palk, of the Western District of Oklahoma, serving in this case by designation pursuant to 28 U.S.C. Section 292(b). Magistrate Judge Steven P. Shreder no longer assigned to case. All documents filed in this case in the future shall reflect the new case number CIV-21-119-SLP. (pmb, Deputy Clerk)

## Friday, April 23, 2021

**35** | service | Summons Returned Executed | Fri 04/23 12:18 PM

SUMMONS Returned Executed re: Frank Saey - Served on 4/21/2021. (jcb, Deputy Clerk)

## Thursday, April 22, 2021

**38** | service | Summons Returned Executed | Fri 04/23 12:26 PM

SUMMONS Returned Executed re: Christopher Wray - Served on 4/19/2021. (jcb, Deputy Clerk)

**37** | service | Summons Returned Executed | Fri 04/23 12:23 PM

SUMMONS Returned Executed re: Kathryn Vratil - Served on 4/21/2021. (jcb, Deputy Clerk)

**36** | service | Summons Returned Executed | Fri 04/23 12:19 PM

SUMMONS Returned Executed re: Timothy Tymkovich - Served on 4/19/2021. (jcb, Deputy Clerk)

**34** | service | Summons Returned Executed | Fri 04/23 12:16 PM

SUMMONS Returned Executed re: Elizabeth Schumacher - Served on 4/19/2021. (jcb, Deputy Clerk)

**33** | service | Summons Returned Executed | Fri 04/23 12:14 PM

SUMMONS Returned Executed re: Irma Carrillo Ramirez - Served on 4/20/2021. (jcb, Deputy Clerk)

**32** | service | Summons Returned Executed | Fri 04/23 12:12 PM

SUMMONS Returned Executed re: Barbara Lynn - Served on 4/20/2021. (jcb, Deputy Clerk)

**31** | service | Summons Returned Executed | Fri 04/23 12:07 PM

SUMMONS Returned Executed re: Jacob Levitan - Served on 4/19/2021. (jcb, Deputy Clerk)

**30** | service | Summons Returned Executed | Fri 04/23 12:04 PM

SUMMONS Returned Executed re: Terence C. Kern - Served on 4/21/2021. (jcb, Deputy Clerk)

**29** | service | Summons Returned Executed | Fri 04/23 11:50 AM

SUMMONS Returned Executed re: Scott S. Harris - Served on 4/19/2021. (jcb, Deputy Clerk)

**28** | service | Summons Returned Executed | Fri 04/23 11:45 AM

SUMMONS Returned Executed re: Merrick Garland - Served on 4/19/2021. (jcb, Deputy Clerk)

**27** | service | Summons Returned Executed | Fri 04/23 11:36 AM

SUMMONS Returned Executed re: Michael Gans - Served on 4/21/2021. (jcb, Deputy Clerk)