## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHIRLEY D. WEBSTER, *et al*.,

       *Plaintiffs,*

vs.

DICK DURBIN, SENATOR*, et al.,*

       *Defendants.*

Case No. 21-1246-EFM

## MEMORANDUM AND ORDER

This is a *pro se* civil action brough by Plaintiffs Shirley D. Webster, Dwayne M. Garrett, and Paul L. Wickham, naming as Defendants United States Senator for the State of Illinois Dick Durbin, United Sates Chief Justice John Roberts, and two Magistrate Judges of the District Kansas. Defendants have moved to dismiss the action.  Plaintiffs have submitted two motions which seek an agreement to settle the case.

### I.      Factual and Procedural Background

The Complaint accuses Defendants of "sexual battery of the 1st Amendment and 14th Amendment," and "1st degree murder by the 14th Amendment."  references an action 21-119-SLP.   Complaint contains no explanation of any particular conduct by Defendants supporting the claim for relief.

Plaintiffs attach to the Complaint various pleadings which Webster and Garrett began in 2018 in the United States District Courts for the Northern District of Texas, the Northern District of Arkansas, and the Northern, Western, and Eastern Districts of Oklahoma.

Judge Eagan of the Northern District of Oklahoma accurately summarized the nine cases filed in that district as "an incoherent amalgam of perceived constitutional violations that seem to arise out of familial disputes and plaintiffs' interactions with state judges and law enforcement officers."[1]  After the defendants moved to dismiss, the plaintiffs filed responses which "consisted entirely of incoherent rambling and no legal arguments."[2]  Concluding that the case represented a history of vexatious lawsuits, the court imposed filing restrictions. Plaintiffs have also brought numerous actions in the Western District of Oklahoma which have also been dismissed.

Plaintiffs have also begun to file actions in the District of Kansas.  After directing the Plaintiffs to show cause why the action should not be dismissed under Fed. R. 12(b)(6), Judge Vratil dismissed the first Kansas action on February 23, 2021, finding that the responsive pleading  of the plaintiffs "consists entirely of bare-boned and conclusory allegations that by using certain court forms in violation of the First Amendment, defendants have committed treason and bodily harm and taken money by false pretenses to operate their 'Legalized crime Syndicate.' "[3]

In the second Kansas case, Judge Broomes also directed Plaintiffs to show cause why the action should not be dismissed, and recently concluded that their claims were legally frivolous.[4]

---

[1] *McCormick v. Barr*, 2021 WL 5830594, at *3 (N.D. Okla. 2021). .

[2] *Id.*

[3] *Webster v. Barr*, No. 20-1279-KHV (D. Kan.) (Doc. 19).

[4] *Webster v. Palk*, No. 21-4057-JWB (D. Kan. Nov. 30, 2021) (Doc. 22).

Although the present, October 12, 2021 Complaint is brought in the name of all three Plaintiffs, it appears that Shirley D. Webster died on July 23, 2021.[5] Further, many of the pleadings ostensibly filed on behalf of all the Plaintiffs are signed only one, Paul Wickham.

## II.       Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[6] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[7] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[8] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[9] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[10] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[11] If the

---

[5] Doc. 1, at 112.

[6] Fed. R. Civ. P. 12(b)(6).

[7] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[9] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[10] *Iqbal*, 556 U.S. at 678-79.

[11] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[12]

Because Plaintiff proceeds *pro se*, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.[13]  But the court does not assume the role of advocate for a *pro se* litigant.[14]  Also, "*pro se* parties [must] follow the same rules of procedure that govern other litigants."[15]

### III.    Analysis

As a preliminary matter, the Court will dismiss Shirley Webster from the docket as a Plaintiff.  Webster is deceased, and her interests can only be represented by an attorney.[16] Because non-attorney Paul Wickham cannot represent Webster's interests, she must be dismissed from the action.[17]

It is unclear in the Plaintiffs' Motion for Settlement and Amended Motion for Settlement whether they are offering to settle the case, or are purporting to accept a settlement offer from the Defendants.  The Amended Motion states in its entirety:

---

[12] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[13] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Id*.

[15] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation and internal quotation marks omitted).

[16] *See Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001); *Hartnett v. Farm Serv. Agency*, 2018 WL 2971692, at *3 (D. Kan. 2018) (*pro se* litigant can only represent their own interests in federal court).  *See also Coleman Co. v. Bulton Enter*, 2012 WL 10355, at *3 (D. Kan. 2012) (striking answer purportedly filed on behalf of corporation defendant by non-attorney).

[17] *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) ("Because Franklin, as a non-lawyer, was not permitted to proceed pro se on behalf of Elnoria Franklin's estate … the district court properly dismissed her complaint pursuant to Rule 12(b)(6).").

-4-

> We agree to the offer on Case No. CIV-21-119-SLP and Case No. 21-CV-1246-EFM-KGG. We are off the grid of the tax form. There should be very little tax, This will settle the Case. 110 X 25 Million, 327 X 12.5 Million, Everyone has to be prosecuted.

Defendants have responded to the motion stating that they have not been engaged in any settlement negotiations, and submitted their motion to dismiss three days later. Plaintiffs have failed to file a reply, or to submit any documentation showing that any offer of settlement was tendered by Defendants.

Defendants request dismissal of the action under Rules 12(b)(1) and 12(b)(6), but also seek this result on the grounds that claims are so implausible as to fail to create any federal controversy, because the federal criminal statutes cited by Plaintiffs do not give rise to a civil cause of action. Defendants also invoke the protections of sovereign immunity, judicial immunity, qualified immunity, a lack of exhaustion of remedies, and a lack of personal jurisdiction over Senator Durbin. The present case differs from the other actions in the District of Kansas only in that the Defendants have formally moved for dismissal of the action. As a result, the court need not dismiss the action *sua sponte* following an order to show cause.

With respect to the motion to dismiss, Plaintiff Paul Wickham filed an initial Objection, which given his *pro se* status the court may construe as a response. Subsequently, and commencing with the Defendants' reply, Plaintiffs Wickham and Garrett have filed six additional "Objections." Plaintiffs' pleadings are the direct functional equivalent of surreply memoranda.

This Court has observed that D. Kan. Rule 7.1 "is clear" in prohibiting surreplies without prior approval, and that a party is not excused from this requirement "simply because they are

proceeding *pro se*."[18] The various Objections filed by Plaintiffs make no difference here, because even if not stricken, they contain no information which would support a plausible claim for relief.

Plaintiffs' Objections vary from unsubstantiated and nonsensical *ad hominem* attacks on counsel for Defendants,[19] to complaints about the June 8, 2021 dismissal of one of their actions in the Eastern District of Oklahoma. [20] The dismissal of that case without a hearing appears to form a key part of the Plaintiffs' recent lawsuits. Judge Palk dismissed Plaintiffs' claims in that case against 19 federal officers and judges, including Judge Vratil, finding that Plaintiffs' complaint was both "indecipherable" and "nearly identical" the one that had been dismissed by Judge Vratil. Thus, the dismissal of the action without a hearing was a primary focus of Plaintiffs' second Kansas action, and was explicitly rejected by Judge Broomes, who observed that "oral argument is not required" on dispositive matters, and the right to be heard may be satisfied by written memoranda. [21]

More fundamentally, Plaintiffs have done absolutely nothing to show what these four Defendants have done which would violate their rights. Hardly plausible to begin with, the various Objections filed by Plaintiffs have done nothing to show how their claims against these four Defendants has any grounding in reality. Because Plaintiffs make no specific allegations against any particular Defendant, they have not nudged their claims any closer to plausibility. A

---

[18] *Lewis v. Wyandotte Gaming Enterprises*, 2009 WL 10706896, at *1 (D. Kan. 2009).

[19] *See* Doc. 17 ("I am not giving you the privilege of trying to do bodily harm again. I am not agreeing to go to any facility of the Veterans Administration, You are out of time and have no alternative but to be punished.").

[20] *Webster v. Garland*, No. 21-119-SLP.

[21] *Webster v. Palk*, 2021 WL 4893015, at *2 (D. Kan. 2021) (citing *Geear v. Boulder Comm. Hosp.*, 844 F.2d 764, 766 (10th Cir. 2001).

*pro se* action is ordinarily dismissed under Rule 12(b)(6) without prejudice, but the court may dismiss the action with prejudice where the action is manifestly lacking in merit and any potential amendment would be futile.[22]  Such futility is manifest where all of Plaintiff's claims are barred by judicial or sovereign immunity.

The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts."[23]  There are only two exceptions to the doctrine: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction."[24]  Neither of the exceptions apply here, as Plaintiffs appear to be concerned with the actions of the Defendant Judges precisely because of their decisions in their official capacities.[25]  The courts have repeatedly held that Plaintiffs' various actions against judges are barred by absolute judicial immunity.[26]

The only thing novel about the present action is the inclusion of Senator Durbin as a defendant.  Plaintiffs make no specific allegation against Defendant Durbin at all, but certainly none of any conduct beyond his official status as Senator from the State of Illinois.  The doctrine

---

[22] *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir.2001) (dismissal with prejudice of a pro se complaint for failure to state a claim is proper where it is "obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

[23] *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).

[24] *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (alterations and citation omitted).

[25] *See Forrester v. White*, 484 U.S. 219, 225 (1988) (Judicial immunity has long insulated "judges from vexatious actions prosecuted by disgruntled litigants.").

[26] *See, e.g., Webster v. Palk*, 2021 WL 4893015, at *2 (D. Kan. 2021) (complaint "fails to allege any facts under which the Defendant judges would not be entitled to absolute judicial immunity"); *Webster v. Barr*, 2020 WL 5949970, at *1 (N.D. Okla. 2020) (action against Eight Circuit Court judge barred by absolute immunity); *Webster v. Barr*, 2020 WL 5880961, at *2 (N.D. Okla. 2020); *Webster v. Shumaker*, 2018 WL 2347076, at *3 (E.D. Okla. 2018) (dismissing claims against various judges as "all allegations against the Defendants were regarding the performance of their official duties").

of sovereign immunity generally "forecloses . . .claims against the House of Representatives and Senate as institutions," and against members of both congressional houses "acting in their official capacities."[27]

The Court finds that Defendants are entitled to dismissal of the action with prejudice.

## IV.    Filing Restrictions

It is well-established that "[t]he right of access to the courts is neither absolute nor unconditional."[28]  Further, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."[29] In deciding whether to impose restrictions, the Court considers "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."[30]

In light of Plaintiff's numerous, duplicative filings in this case, as well as frivolous threats of further legal action against immune parties, the Court finds it necessary to impose filing restrictions on Plaintiffs.

---

[27] *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007).

[28] *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

[29] *Ysais v. Richardson*, 603 F.3d 117,5, 1180 (10th Cir. 2010) (quoting *Tripati*, 878 F.2d at 352).

[30] *United States v. Van Skiver*, 1990 WL 251738, at *5 (D. Kan. 1990) (citation omitted), *aff'd*, *United States v. Kettler*, 1991 WL 94457, at *1 (10th Cir. 1991).

Plaintiffs have instituted numerous legal actions in other district courts in Oklahoma and elsewhere. After the Oklahoma courts dismissed these actions for failing to state a claim and imposed filing restrictions, Plaintiff began filing actions in the District of Kansas which are nothing more than attempts to indirectly challenge the decisions of other courts. With the present Order, all three actions have been dismissed on the merits. Judge Vratil found the complaint in the first action incomprehensible. Judge Broomes found that the complaint in the second action arose out of prior actions brought by the Plaintiffs, and appeared to present claims which would be barred by judicial immunity.[31]

In addition to frivolous litigation, Plaintiffs have a history of vexation and duplicative pleadings. In the first Kansas action, Plaintiffs filed two "Motions to Hear Speedy Trial Act" after the case had been dismissed and after Judge Vratil had expressly denied a similar motion, explaining that "[t]The Speedy Trial Act does not apply to civil cases."[32] Undaunted by this, Plaintiffs responded to the Order to Show Cause in the second action by filing yet another Motion to Hear Speedy Trial Act, along with three other pleadings, none of which addressed the merits of the court's show cause order. Here, as noted earlier, Plaintiffs have submitted six surreply briefs labelled as Objections, none of which attempt to respond to Defendants' arguments regarding immunity or failure to state a claim for relief.

These duplicative lawsuits and motions impose a needless burden on the Court and counsel for Defendants.

The sheer volume of the Plaintiffs' litigation compels the conclusion that other sanctions would not adequately protect the courts and other parties. While the various Objections filed by

---

[31] No. 21-4057-JWB, Doc. 18. at 4.

[32] No. 20-1279-KHV, Doc, 17, at 1.

Plaintiffs in the present action do nothing to make their claims plausible, they make clear the intention of the Plaintiffs to continue their efforts to abuse the judicial process.[33]

Accordingly, the Court finds it necessary to impose filing restrictions to deter future frivolous motions and to protect the Court and future defendants from having to expend needless time. Plaintiffs will be required to obtain leave of Court to submit future filings in any existing cases currently pending in the U.S. District Court for the District of Kansas, or to initiate a civil action in the U.S. District Court for the District of Kansas without representation of an attorney licensed to practice in the State of Kansas and admitted to practice before this Court.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions for Settlement Agreement (Doc. 7, 8) are hereby **DENIED**; Defendants' Motion to Dismiss (Doc. 9) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that if any of the named Plaintiffs wishes to submit future filings in existing cases or to initiate a civil action in the U.S. District Court for the District of Kansas, that person must comply with the following injunction:

> 1. With the exception of an objection to this Order, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents from Plaintiff Webster, Plaintiff Wickham or Plaintiff Garrett, on his or her own or on behalf of another, including transfers to this Court from other jurisdictions, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

> 2. Except in compliance with this Order, the Clerk shall not accept any pleading from a Plaintiff which purports to initiate a civil action. If Plaintiff, proceeding pro se, desires to file a new lawsuit in the District of Kansas, he or she shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

> > a. A copy of this Order and any subsequent Order;

> > b. A copy of the proposed complaint or pleading;

---

[33] See Doc. 19 (stating "[t]he court in in violation of mail fraud" and "[w]e are filing a petition to Congress"); Doc. 21 ("There will be a petition filed against you and your predecessor."); Doc. 25 ("We will file a petition against you and all of Northern, Eastern, and Western Districts.").

c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;

d. A notarized affidavit certifying:

      i. The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

      ii. That the claims are not frivolous, malicious, or made in bad faith.

3. Plaintiff shall mail or otherwise deliver his or her submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it. Failure to follow these procedures will result in rejection of any future case Plaintiff attempts to file in this Court.

Plaintiffs may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days after receipt of this Order. If Plaintiffs file no objections by that date, the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED**.

Dated this 16th day of February, 2022.

This closes the action.


*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE